CASE 3—ACTION TO RECOVER REAL ESTATE—FEB. 15.

# Perry, &c., v. Perry.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

CONSTRUCTION OF WILL—DEVISE TO TESTATOR'S SON AND HIS WIFE FOR THEIR LIVES—DEVISE FOR BENEFIT OF SECOND WIFE.

Held:  1. Under a will devising real estate to testator's son for life, and providing that "at the death of himself and wife said property is to pass to his legal heirs," the wife of the son living at the time of the execution of the will and at the time of the testator's death having subsequently died and the son having married again, his second wife, who survived him, is entitled to a life estate in the property, as the devise over to the son's "legal heirs," who might include children of the son thereafter born, shows testator's intention to make provision for those persons having a natural claim upon the son for support or assistance, and not merely for persons known to testator.

2. Kentucky Statutes, section 4839, providing that "a will shall be construed, with reference to the real and personal estate, comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will," merely fixes the time when the will speaks with reference to the estate disposed of, and does not fix the time when the rights of devisees attach.

JAMES H. BOWDEN, FOR APPELLANT. (S. R. CREWDSON, OF COUNSEL.)

Clause six of the will of J. M. Perry is this: "I give and bequeath to my son, Smiley Perry, the storehouse and lot on Main street in Russellville, now occupied by him as a drug store, the

Perry, &c., v. Perry.

same to be used and enjoyed by him during his natural life, free from any debt which he may now owe, or may hereafter contract, and at the death of himself and wife, said property is to pass to his legal heirs."

The will was dated August 9, 1890, and the testator died in January, 1891. Smiley Perry had been married several years and his wife, Fannie, who was testator's cousin, was living when the will was written and when the testator died, but died several years after the death of the testator, leaving no issue. Samuel Smiley afterwards married defendant Marian Perry, and he died in 1899, leaving no issue. The defendant, Marian Perry, claims that under the will she is entitled to the use of the storehouse during her life. This is the question to be tried.

1. While there is no devise by express words to the "wife," we concede that by implication there is a devise to her. The only question is, what wife was meant?

2. The will itself indicates that he meant Fannie, the wife then living. It negatively indicates that he did not mean to provide for any future wife of his son. Redfield on Wills, part 1, p. 383, 349; Jarman on Wills, vol. 1, 284, 303; 29 Am. & Eng. Ency., 112; 16 Am. & Eng. Ency., 111; Garrett v. Niblack, 1 Russ & Milne, 629; Peppin v. Bickford, 3 Vesey, Jr., 570; Boreham v. Bignall, 8 Hun, 131; Bryan's Trust, 2 Symons N. S., 103; Lynes' Trust L. R., 8 Equity Cases, 65; Franks v. Booker, 27 Beavan, 635; Radford v. Willis, L. N., 7 Chy., 7; Johnson v. Johnson, 1 Tenn. Chy., 621; Foster v. Cook, 3 Bro. C. C., 347; 2 Williams' Ex., 946; 1 Id., 182; 1 Went Off. Ex., 162; Aushultz v. Miller, 81 Penn. St., 212; Humphrey v. Winship, 35 Hun., 33; Gold v. Judson, 21 Conn., 616; Morse v. Mason, 11 Allen, 36; Quinn v. Hardinbrach, 54 N. Y., 83; Wetmore v. Parker, 52 N. Y., 450; Van Brunt v. Van Brunt, 111 N. Y., 178; Beers v. Narramore, 61 Conn., 13; Van Sycle v. Van Sycle, 26 Atl. Rep., 157 (or 187); 2 Williams' Ex. (6 Am. Ed.), 1104; Firth v. Fielding, 22 Wkly. Rep., 622; Burrows' Trust, 10 Law Times, N. S., 184; Davis v. Kerr., 38 N. Y., Sup., 387; Ky. Stats., sec. 4389; Flournoy's devisees v. Flournoy's Exrs., 1 Bush, 523; Howell v. Ackerman, 89 Ky., 82; (s. c. Ky. Law Rep., 253); Alexander v. Waller, 6 Bush, 343.

W. P. SANDIDGE, ATTORNEY FOR APPELLEE.

The sixth clause of the will of J. M. Perry, the father of Smiley Perry, is as follows:

"I give and bequeath to my son, Smiley Perry, the storehouse and lot in Russellville, now occupied by him as a drug store,

*the same to be used and enjoyed by him during his natural life,*
free from all debts which he may now owe or may hereafter
contract, *and at the death of himself and wife,* said property
.to pass to his legal heirs.   This bequest to my son Smiley is
made upon the express condition .that he pay to my said son.
R. F. Perry, the sum of $500 annually for three years, with legal
interest thereon, after one year from the date of the probate
of this will."

1. The testator' by affirming an intention that the children of the
   second wife shall take his bounty, thereby gives his express
   evidence on the face of the will, that he intended the second wife
   as well as the first wife to take under the description of Smiley
   Perry's wife. Cogan v. McCabe, 52 N. Y., Sup., 53; Nash v. Allen,
   42 Law Rep. Chy., 53; Mason v. Mason, 5 Irish Rep. Eq., 288;
   *In re* Lyne's Trust, 8 L. R. Eq., Case 67; Peppin v. Bickford,
   3 Vesey Jr., 570.

2. The gift was in lieu of dower. As the surviving wife, whether the
   first or the subsequent one, would take dower, the testator must
   be presumed to have intended the property given in lieu of dower
   to go the same way.   Jacob v. Jacob, 4 Bush, 110; Jacob v. John-
   son, &c., 11 Bush, 650.

3. The son being compelled by the testator to pay $1,500, and three
   years interest thereon, for a life estate for "himself and wife,"
   it is not reasonable to presume that the testator, having made
   this requirement, intended the gift for the benefit of the first
   wife alone.   Lindsay's Heirs v. McCormick, 2 Mar., 229; Jack-
   son v. Jackson, 53 S. W., 423-597.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

J. M. Perry, of Logan county, died in 1891, after having
made a will, which was probated February 2, 1891.   The
sixth clause of this will reads as follows: "I give and be-
queath to my son Smiley Perry the storehouse and lot
on Main street in Russellville, now occupied by him as a
drug store, the same to be used and enjoyed by him dur-
ing his natural life free from all debts which he may now
owe or hereafter contract; and at the death of himself
and wife said property is to pass to his legal heirs.
This bequest to my said son Smiley Perry is made upon the
express condition that he pay to my son R. F. Perry the

sum of $500 annually for three years, with legal interest thereon, after one year from the date of the probate of this will." At the time the will was written, Smiley Perry was married; but, after the death of the testator, Smiley's wife died, and he subsequently married a second wife. Having died childless some years after, leaving the second wife his widow, his heirs at law, his brothers and sisters and the daughter of a deceased sister, filed this suit to recover of his widow the possession of the store-house and lot mentioned in the clause above quoted. The circuit court construed the clause as vesting the second wife with a life estate in the property named, and entered judgment accordingly. The heirs have prosecuted this appeal.

Although the case has been argued with rare skill, evidencing much research by able counsel, we have not been cited any case in this country precisely in point. The intention of the testator, of course, where not in conflict with some prohibition of the law, is the law of the case. To arrive at that exact intention may be impossible; but the court must give some construction compatible with the ordinary accepted use of the terms employed, as we must presume, in the absence of anything appearing to the contrary, the testator intended his language to have the meaning usually given similar expressions when employed in like transactions. It is argued for appellants that inasmuch as the testator knew the then wife of his son, and could not possibly know that the son would have another wife, or who she would be, he could not have purposed including the latter in his bounty, but that the first only was in his mind. It is further argued for appellant that our statute (section 4839, Kentucky Statutes) also controls in this construction as to the time of which the

will speaks. That section is: "A will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." If the testator had provided for an estate to the son and his wife during their lives, naming the wife by name or other sufficient description, so as to identify her, there could be no question that appellee could not have been in contemplation. Or, had the testator provided for an estate to the son and his wife for life, with remainder to certain named persons, it seems that the then living wife of the son would have been alone included in the term "wife." But the testator did not create the estate with limitations imposed in either of the cases supposed. He went further to provide for others equally unknown to the testator, and whom he probably would never know, for he provided for a remainder to the "legal heirs" of his son Smiley. The legal heirs of the son, of course, would first be his children, or their descendants, if any, and would be such descendants as might be living at his death, including not only such as were descended from the wife known to the testator, but such, in addition, as might be descended of a second or any subsequent spouse, and that, too, whether born before or after the testator's death. Having, then, shown clearly an intention to provide for any child or descendant of his son, whenever or of whatsoever wife born, he is shown to have contemplated extending his bounty to persons unknown to him, evidently because they were connected by their relationship to the son. He seems to have had in mind the making of such provision, not because he knew or might know them, and thereby judge of their deservedness, but because of the

natural claim they would have upon his son for support
or assistance.  This manifest idea being in mind, and the
terms being so broad as to include a wife subsequently
married, the testator must have so intended.  This con-
struction is fortified by certain "side lights" contained in
the will.  For example, in the third clause of the will he
gives certain property to his son M. R. Perry and his wife
Marian during their lives, and at their death to 'pass to
their children.  There must be some reason why the' dis-
tinction is made in the families of these two sons; for un-
doubtedly a distinction is made, as no other wife of M.
R. Perry but Mrs. Marian could enjoy the title given.  The
son Smiley is shown to have had no children at the time
the will was written, or during the testator's lifetime.
It would appear that the distinction made was in antic-
ipation of the possibility of others becoming entitled to
Smiley's protection, besides those known to the testator.
The testator appears to have had a fairly good sized es-
tate when the will was written.  The terms of the will
indicate a purpose to equalize his children in the distri-
bution of his property.  By the clause under considera-
tion, it will be observed, the testator, while giving Smiley,
for his life, the lot described, imposed on him a charge of
$1,500.  As this charge would, when paid, represent that
sum of individual means of the son invested in the prop-
erty, it would be but reasonable that any wife he might
have at his death would be permitted to enjoy that in
which her husband had invested so much of his means.
He would be under natural and legal obligation to provide
for her in certain proportion or sum of his estate,—a
fact necessarily known to the testator, and presumably in
his mind in adjusting this arrangement.  Of course, he
probably would not know such daughter-in-law, but he did

know her claim upon the son, her husband; and what he had in hand was providing for the son's wife, not because she happened to be a certain known person, but because she would be a person of a certain known sufficient relation, entitling her to come within the provision of his beneficence. Cogan v. McCabe (Sup.) 52 N. Y. Supp., 53, seems to clearly sustain the rule of construction herein employed, under facts quite similar to the case at bar. And to the same effect appear Mason v. Mason, 5 Ir. R. Eq., 288, and *in re* Lyne's Trust, L. R. 8 Eq. Cas. 67. In Nash v. Allen 42 Ch. Div. 54, a devise to a daughter for her use during her life, and after her death for the use of her intended husband for his life, then to her children, was held to include and provide for the last husband,—the one retaining that relation at the daughter's death. Both appellants and appellee cite us Peppin v. Bickford, 3 Ves. Jr. 569. That case, however, is not strictly in line with the question here presented, though we think it rather supports the principles of the opinion. It is more like the recent case, decided by this court, of Jackson v. Jackson, 58 S. W., 423, which is also quite similar to Nash v. Allen. Cases from New York and Connecticut are cited by counsel for appellants, both courts of eminent authority, which appear to be in conflict with the views herein expressed. However, both of those States have statutes against perpetuities, peculiar to themselves, under the constraint of which the opinions cited seem to have been written. They, of course, can not apply here where we have not the statute mentioned. Other cases of apparently contrary view have also been cited, but a careful examination of them shows that in each instance they turned upon some peculiar phraseology of the will therein considered, evidencing in the opinion of the court an in-

tention of the testator to confine the estate to the then living wife. Nor can the Kentucky statute quoted above be used to give a different construction to the will. It will be observed that section merely fixes the time at which the will speaks with reference to the real and personal estate disposed of by it, not with reference to the time when devisees' rights may attach. Judgment affirmed.

Petition for rehearing for appellant overruled.

---

CASE 4—ACTION FOR NEW TRIAL—FEB. 15.