## Tagnon's Administratrix et al. v. Tagnon et al.

(Decided March- 13, 1934.)

W. A. BERRY for appellants.
WHEELER, WHEELER & SHELBOURNE and BEN S ADAMS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On May 16, 1922, Mary A. Tagnon executed a will in which she left all of her property to her husband, Victor Alphonse Tagnon. Paragraph 2 of the will reads:
"All the property, real and personal, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease I give, bequeath and devise to my husband, Victor Alphonse Tagnon, absolutely and in fee simple."

Her husband died April 28, 1924, and, without having changed her will, the testatrix died in July, 1929. She left no children surviving her, and her sister and the children of two deceased brothers are her heirs at law. Her husband was a native of France, and, by a former marriage, left two children, the appellees, Victor Maxine Tagnon and Gabrielle Adele Tagnon, both residents of France.

The City National Bank of Paducah, Ky., was appointed administrator with the will annexed of Mary A. Tagnon, and brought an action to settle her estate, which consisted chiefly of a note for $6,000 secured by a lien on real estate. The bank later became insolvent, and May N. Hunt was appointed administratrix with the will annexed of Mary A. Tagnon. The appellees filed an answer in which they alleged that they were the only children and heirs at law of Victor Alphonse Tagnon and were entitled to receive the property bequeathed and devised by Mary A. Tagnon to their deceased father. The heirs at law of Mary A. Tagnon filed an intervening petition in which they set up their claim to the estate to which a demurrer was sustained. The court adjudged that the children of Victor Alphonse Tagnon were entitled to receive all the estate after the payment of funeral expenses and debts, and the administratrix with the will annexed and the heirs at law of Mary A. Tagnon have appealed.

Appellees claim the estate under the provisions of section 4841 of the Kentucky Statutes, which reads:

"If a devisee or legatee dies before the testator, or

is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.''

Appellants claim that the bequest to Victor A. Tagnon was specific, not general, that there was an ademption, and that the estate passed under section 4843 of the Statutes, which reads as follows:

''Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy.''

By ademption is meant the extinction or withdrawal of a legacy in consequence of some act of the testator equivalent to its revocation or clearly indicative of an intention to revoke. In determining whether a particular legacy is general or specific, the intention of the testator must prevail, and, in the absence of evidence in the will to the contrary, a legacy will be construed to be general. Courts are not inclined to construe legacies to be specific, and will not do so unless such is the clear intention of the testator. Ordinarily, a legacy of quantity is a general legacy. The rule, well-nigh universally applied, for determining whether a legacy is general or specific, is that a legacy is general when it is so given as not to amount to a bequest of a particular thing distinguished from all others of the same kind, and is specific when it is a bequest of a specified part of the testator's estate which is so distinguished and which may be satisfied only by the delivery of the particular thing. Guthrie v. Guthrie's Executor, 168 Ky. 805, 183 S. W. 221; Hill v. Harding, 92 Ky. 76, 17 S. W. 199, 437, 13 Ky. Law Rep. 380; Weed v. Hoge, 85 Conn. 490, 83 A. 636, Ann. Cas. 1913C, 542; Leighton v. Leighton, 193 Iowa, 1299, 188 N. W. 922; In re Wilson's Estate, 260 Pa. 407, 103 A. 880, 6 A. L. R. 1349; Fidelity National Bank & Trust Company v. Hovey, 319 Mo. 192, 5 S. W. (2d) 437, 73 A. L. R. 1228; Maxim v. Maxim, 129 Me. 349, 152 A. 268, 73 A. L. R. 1244; 28 R. C. L. pp. 289-291; Page on Wills, vol. 2, secs. 1226, 1227.

Before the death of Victor Tagnon, a contract had been made by him and his wife for the purchase of a building in the business section of Paducah. The deed was not executed until after his death, and the property was conveyed to Mary A. Tagnon. Before her death, she sold the property, and the purchaser executed a note for $6,000 secured by a lien. This note was owned by the testatrix at the time of her death. The appellants insist that the sale of this real estate by Mrs. Tagnon was an ademption, but clearly the testatrix did not so intend it.

Section 2068 of the Kentucky Statutes provides that:

"The conversion, in whole or in part, of money or property, or the proceeds of property devised to one of the testator's heirs into other property or thing, with or without the assent of the testator, shall not be an ademption of the legacy or devise unless the testator so intended; but the devisee shall have and receive the value of such devise, unless a contrary intention on the part of the testator appear from the will, or by parol or other evidence."

The case of Dillender v. Wilson, 228 Ky. 758, 16 S. W. (2d) 173, 174, is exactly in point. There the testator devised all of his property absolutely to his wife. She predeceased him, and he died without having changed his will. He left no children surviving him, but his wife left a child by a former marriage. When the will was executed, the testator owned certain real estate which he sold after the death of his wife. His father, who was his only heir at law, claimed that he was entitled to the estate the same as if his son had died intestate, as there was an ademption of the devise. In denying the claim of the testator's father, it was held that the devise was general and not specific. In the course of the opinion it was said:

"Where the bequest is of the entire estate, no matter how it may have been changed in form or character, it is just as capable of passing under the will on the death of testator as on the date it was executed. Hence there was no ademption of the devise to the widow of testator."

And further:

"If section 4841 of the Statutes may not be applied

to the simple facts of this case,. we hardly see how it could ever be made effective. We have the sole devisee of the entire estate dying before the testator, leaving a child surviving her. It is suggested that this statute was intended to include only children or lineal descendants of the testator and not strangers in blood. Such a construction would violate the clearly expressed terms of the act and destroy its purpose and effect.''

See, also, Nance's Executors v. Akers, 165 Ky. 461, 177 S. W. 235.

We conclude that the appellees are entitled to the estate of Mary A. Tagnon, and the judgment is accordingly affirmed.