Minnie S. PRIDEMORE'S EXECUTOR (Lee S. Jones, et al.), Appellants,

v.

Katherine S. BAILEY et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1957.

Lee S. Jones, Louisville, for appellants.

Hardy & Hardy, Louisville, for appellees.

CULLEN, Commissioner.

In an action for a construction of the will of Minnie S. Pridemore, deceased, the court adjudged that under Item 3 of the will the proceeds of six parcels of real estate, which were sold by the testatrix after the date of execution of her will, went to her heirs and did not go to her husband as residuary devisee. The executor and the husband have appealed.

Item 3 of the will is as follows:

"All real estate owned by me which was conveyed to me in my former name, Minnie S. Blackerby, shall be sold by my executor and the proceeds therefrom shall be distributed in accordance with the laws of descent and distribution of Kentucky to those persons who are at the time of my death my heirs at law, it being provided that my husband shall not be considered as an heir at law."

Mrs. Pridemore at one time was married to a man named Blackerby. During the marriage she acquired 16 tracts of real estate in the name, Minnie S. Blackerby. In 1929, after the death of her first husband, she married Joseph G. Pridemore. Previous to that marriage she had sold seven of the Blackerby tracts. She continued to hold the remaining nine tracts, and at the time of execution of her will, in 1948, she owned these nine tracts, together with nine other tracts which she had acquired in the name, Minnie S. Pridemore. She also possessed a substantial amount of personalty.

Mrs. Pridemore had no children by either marriage, and her heirs consisted of a sister and a number of nieces, nephews, grandnieces and grandnephews. At the time she wrote the will she was over 70 years of age.

In 1950 Mrs. Pridemore sold one of the Blackerby tracts. Thereafter, in 1951, she executed a short codicil to her will, which merely changed the designation of executor and which recited, "All of my previous will shall remain as heretofore written, except this change of executor."

In 1952 and 1953 Mrs. Pridemore sold five more of the Blackerby tracts, and at the time of her death, in 1955, she owned only three of the tracts. The proceeds of the six tracts she had sold after the execution of the will amounted to $41,159. Of this sum, $40,728.28 was traced to investments in savings and loan certificates, and the court held that the heirs, rather than the husband, were entitled to this latter sum. This was on the basis that, by virtue of KRS 394.360, the sale of the tracts did not constitute an ademption.

Mrs. Blackerby's total estate at the time of her death, including the three remaining Blackerby tracts valued at $30,000, and the traced proceeds of the six tracts that had been sold, amounted to approximately $253,000.

■ Under KRS 394.360 the conversion, into money or other property, of property devised to an heir, does not work an ademption unless a contrary intention on the part of the testator appears from the will or by other evidence. As construed, this statute applies only to *specific* devises. Tagnon's Adm'x v. Tagnon, 253 Ky. 374, 69 S.W.2d 714. Accordingly, it would seem that the question of first importance is whether the devise of "all real estate owned by me which was conveyed to me in my former name, Minnie S. Blackerby," constituted a specific devise.

■ A specific devise has been defined as a gift of a particular thing, or a specified part of the testator's estate, which is so described as to be capable of identification from all others of the same kind, and which gift may be satisfied only by the delivery of the particular thing. Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S.W.2d

1097; Tagnon's Adm'x v. Tagnon, 253 Ky. 374, 69 S.W.2d 714. The fact that the gift is of the *proceeds* of a particular thing, rather than of the thing itself, does not prevent a devise from being considered a specific one for the purposes of the nonademption statute. Miller's Ex'r v. Melone, 109 Ky. 133, 58 S.W. 708; Durham's Adm'r v. Clay, 142 Ky. 96, 134 S.W. 153; Westover's Ex'x v. Westover, 313 Ky. 545, 233 S.W.2d 105.

■ We think the devise here in question clearly fits the definition of a specific devise. The property was easily capable of identification, and had constituted a clearly distinguished part of Mrs. Pridemore's estate for 20 years. The devise could not be satisfied by the delivery of any other thing.

■ Having determined that the devise was a specific one, it remains to be determined whether an intention of the testatrix to work an ademption by the sale of the property appears from the will or by other evidence. The appellants maintain that the execution of the codicil by Mrs. Pridemore, after she had sold one of the Blackerby tracts, evinced an intention that the will should convey only such of the tracts as remained in her ownership at the time of her death.

Since the codicil merely changed the executor, and otherwise reaffirmed the will in all respects, we can find nothing in it, or in the fact of its execution, to indicate any intent, one way or the other, with respect to the devise of the Blackerby tracts. The fact that Mrs. Pridemore sold one of the tracts before the execution of the codicil has no more significance, as concerns her intent, than the fact that she sold five tracts after the execution of the codicil. Under the nonademption statute, the sale of specifically devised property does not of itself show an intent to work an ademption.

The appellants seek to attach some significance to the fact that, in selling the property, Mrs. Pridemore incurred a depletion of her residuary estate through payment of income taxes on the capital gains realized, which would not have occurred had she retained the property until her death. They argue that if she had intended the proceeds of all the nine tracts to go to her heirs under Item 3 of the will, she would not have depleted her residuary estate by subjecting it to income tax. The difficulty with this contention is that there is no evidence that the income tax problem played any part in Mrs. Pridemore's decision to sell the property. It well could be that she thought she was making an advantageous and profitable sale for the benefit of her heirs, regardless of income tax.

The appellants place considerable reliance upon the provision of KRS 394.330 that a will shall be construed to speak as if executed immediately before death. However, this statute has no application to ademption questions. It was designed to make wills effective as to after-acquired property, and it does not fix the time at which rights of the devisees attach, nor does it have any bearing upon the character of the estate conveyed. Perry v. Perry, 110 Ky. 16, 60 S.W. 855; Harvey v. Bell, 118 Ky. 512, 81 S.W. 671; Reuling's Ex'x v. Reuling, 137 Ky. 637, 126 S. W. 151.

We think the chancellor reached a correct determination.

The judgment is affirmed.