Edgar BROCK et al., Appellants,

v.

Herman A. HOUSE, Executor, et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 21, 1958.

**410**

G. E. Reams, Harlan, for appellants.

W. J. Weaver, William A. Hamm, London, for appellees.

EBLEN, Judge.

Nancy F. Brock died testate in 1956. The issues now presented arise from differences as to the proper construction of items 4 and 5 of her will, the pertinent parts of which read as follows:

"Item 4. My late husband, Dr. G. S. Brock, died testate March 6, 1941, leaving his property to me and leaving near relatives who I desire to share in his estate after my death. After paying the Estate tax, Inheritance tax and part of the expenses of administering his estate, there was left of his estate, property of the value of about One Hundred and Two Thousand Dollars; out of this I have assisted some of his relatives financially and expect to continue to do so, for that reason I am unable to determine at this time what amount or value of his estate will be left at my death, but out of that amount, whatever it is, I desire that Item 2 of this will be satisfied, that the Federal Estate Tax, the State Inheritance Tax or other like tax, and expenses of administration of my estate be paid, and an undivided two-thirds of the remainder of said money and property which he left me, I devise and bequeath jointly to the per-

sons related to said G. S. Brock, deceased, who are living at the time of my death, and who then would be his legal heirs and entitled to inherit his property from him under the Statutes of descent and distribution of this state if he had died intestate at that time, and each of said persons are devised and bequeathed the same interest in said property they would take by inheritance from him under said Statutes.

"Item 5. At the death of my husband and prior to that time I was the owner of my home, the house and lot at the corner of Main and Second Streets in London, Laurel county, Kentucky, with all the contents and with $30,000.00 in money, I owned at that time and have accumulated since, and diamond rings, all of this property and all other property that I own at my death, including the undivided one third interest in the property devised to me by my husband not disposed of by items One to Four inclusive of this will, I devise and bequeath to my heirs at law, that is to say to the persons who would inherit said property from me if I should die intestate, they to take said property in the same way and in the same proportion that each would take if I died leaving no will and without making any other disposition of this property, but I desire my executors to comply with my written requests hereto attached and that they deliver to the persons therein named the articles mentioned therein to each of them. The diamond rings are to be sold by my executors hereinafter named and the money for which they are sold is to be divided among said persons in the same way and manner as the $30,000.00 above mentioned."

There were two codicils to this will. The first, dated September 22, 1947, bequeathed $3,000 to the London Baptist Church, " * * * to be taken from the amounts devised by clauses four and five of

my will, that is to say, two thirds of this amount to be taken out of item four, devised and bequeathed to the heirs of G. S. Brock, the other one third to be taken out of item five, the amount devised and bequeathed to my heirs living at the time of my death."

On February 27, 1954, she executed a holographic codicil, in which she directed attention to her bank boxes, and various deposits, and concluded as follows: " * * and the house on Maple Ave that my Sister now lives in, can remain in her custody as long as she desires, Then Sell and divide price of Sale between Dr's and my heirs, my Sister to keep up all expenses of property repairs."

The executor instituted this action under the provisions of Chapter 418 KRS, against the heirs of Dr. Brock and the heirs of Nancy F. Brock, each set of heirs being made a party defendant by class representation, and stated that a real controversy existed between the two sets of heirs as to the construction of the will of Nancy F. Brock. The lower court adjudged that the testatrix intended the heirs of Dr. Brock to share only in $102,000; that from this amount there should be deducted the costs of administration, the Federal Estate Tax and the State Inheritance Tax; and that the remainder should be divided, two-thirds to the heirs of Dr. Brock, after first deducting from that two-thirds $1,000 for upkeep of cemetery lots and $2,000 to be paid to the London Baptist Church, and that in distributing the portion to the heirs of Dr. Brock no consideration should be given to any financial assistance given to any of the heirs of Dr. Brock by Nancy F. Brock during her lifetime. The remainder of the estate of Nancy F. Brock, less certain expenses and charges not questioned on this appeal, was awarded to the heirs of Nancy F. Brock.

This appeal is by all the heirs of Dr. Brock, except the heirs of Woodson Brock, a deceased brother of Dr. Brock. The principal contention of the appellants is

that the lower court erred in holding that the testatrix intended that the heirs of Dr. Brock should share only in $102,000, rather than the amount to which this $102,000 had increased between the time of the death of Dr. Brock and the death of Nancy F. Brock. Two methods are advanced for computation of the larger amount in which they assert their right to share, but in view of our construction of the will it is not necessary to state them.

In support of their position, the appellants assert that the gift to the heirs of Dr. Brock is a specific legacy; that in using the expression " * * * an undivided two-thirds of the remainder of said money and property which he left me * * * " the testatrix indicated an intention to make a gift of the specific property that Dr. Brock had willed to her. Had Nancy F. Brock kept the property she received from her husband's estate or the proceeds therefrom separate, or if it were possible, by other means, to identify in her estate the property her husband willed to her or its proceeds, this argument would have more merit. Except for two parcels of real property worth about $6,000 there is no identity between the property in his estate and that in hers. Accordingly, this gift to the heirs of Dr. Brock is not of a particular thing or a specified part of the estate of the testatrix, so described as to be capable of identification from others of the same kind. Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S.W.2d 1097. Whether the gift to them be a share in $102,000 or an amount greater than $102,000 it will have to be paid from the general assets of the testatrix. For the foregoing reasons the cases of Westover's Ex'x v. Westover, 313 Ky. 545, 233 S.W.2d 105, and Pridemore's Executor v. Bailey, Ky., 300 S.W.2d 559, relied upon by appellants, are not in point.

Rather than identifying specific property, the expressions "his estate" and "his property" as used in item 4 of the will of Mrs. Brock could refer to the source of the property treated in that item as a means of describing a separate amount in which

the heirs of Dr. Brock were to share. It appears to us, from an examination of the will and codicils, that for the purpose of making a point of division for the disposition of her property between her heirs and those of Dr. Brock, the testatrix selected the amount she received under her husband's will in 1941. There is nothing to indicate any intention to project it into the amount to which it would have grown in 1956. Instead "his estate" is linked to 1941, the year of his death. It is stated to have been $102,000. Had the testatrix intended for the heirs of Dr. Brock to share in a larger amount, one would naturally and reasonably expect her to list the larger sum or use some language signifying an intention to tie the accumulations to the $102,000. Moreover, the reason given in her will for not definitely fixing the amount at $102,000 is not that of inability to know what it will be because of its growth or increase in value, but because of withdrawals in order to provide financial assistance to Dr. Brock's heirs.

There is nothing in the other provisions of the will or the codicils to strengthen the argument of the appellants that the testatrix intended the Dr. Brock heirs to share in more than $102,000. In item 5 she refers to her own property as of the time of Dr. Brock's death as being limited to her home and $30,000 in money and diamond rings. She directs that the diamond rings be sold and the proceeds divided among her heirs in the same way and manner as the $30,000. Removed from the other disposing clause in item 5, this last reference to the $30,000 could be regarded as indicating an intention to limit her heirs to this amount, plus the one-third of the amount dealt with in item 4. However, in the first part of item 5, after listing the house, the $30,000 in money and the diamond rings, Mrs. Brock declared " * * * all of this property and all other property that I own at my death, including the undivided one-third interest in the property devised to me by my husband * * * I devise and bequeath to my heirs at law * * * ."

The clause "all other property that I own at my death" clearly negatives any intention to limit her own heirs to the house, $30,000, and the one-third of the amount dealt with in item 4. It may have been that the testatrix was not fully aware of the total value of the property she would be disposing of in her will, particularly in 1946 when the will was executed, but, if true, this could not effect a withdrawal of the amount of which she was unaware from the operation of a gift of "all other property that I own at my death."

Finally the provision in the second codicil for the sale of the property on Maple Avenue and a division of the proceeds "between Dr's and my heirs" is said to show that Mrs. Brock thought she was making a nearly equal division of the entire property between the two groups of heirs. While the testatrix sold this property before her death and this codicil thereby was rendered inoperative, it only related to this one piece of property, and there is nothing expressed therein that indicates any intention to change the dispositions made in items 4 and 5, or that those dispositions were other than as construed by the lower court, except as it would have removed this property from their operation. We are of the opinion that the lower court correctly determined that the heirs of Dr. Brock were entitled to share only in $102,-000, under the provisions of item 4 of the will of Nancy F. Brock.

■  With reference to the financial assistance given by the testatrix to the heirs of Dr. Brock, there was evidence that three of the brothers of Dr. Brock, and their families, had received a total of $1,120. The appellants assign as error the failure of the lower court to charge as an advancement to each heir the financial assistance given to him and the members of his family. We find no language in item 4 which manifests an intention to charge the financial assistance against what the individual recipient or those claiming under him would take under the will. The use of the expression "financial assistance" rather than "advancements" is not without significance. Considering this, the relationship of the recipients to the testatrix, and that the testatrix expressly dealt with other deductions, we are of the opinion that the assistance rendered each relative was intended to be a gift, but that the total of the assistance should be charged against the amount in which all the heirs of Dr. Brock were to share. It is obvious that the appellants are not advocating this construction and, since the heirs of Mrs. Brock did not cross-appeal, we affirm the ruling of the lower court on this issue.

■  The remaining assignments of error relate to the ruling of the lower court in making the deductions provided for in item 4 of the will. While the judgment appears to contain contradictory determinations, we construe it as adjudging that the Federal Estate Tax, the State Inheritance Tax, and the expenses of administration should be deducted from the $102,000; that from two-thirds of the remainder there should be taken the $1,000 bequeathed by item 2 for upkeep of the cemetery lots and $2,000 of the $3,000 bequeathed to the London Baptist Church by the codicil dated September 22, 1947; and the balance of the two-thirds portion should be divided among the heirs of Dr. Brock.

It is manifest that the textatrix intended that the $1,000 bequeathed for the care of the cemetery lot should be withdrawn from the same minuend ($102,000) as the Federal Estate Tax, the State Inheritance Tax, and the expenses of administration. That intention is expressed in clear and positive language. Consequently, the judgment is erroneous in declaring that the $1,000 set apart for the upkeep of cemetery lots be deducted from that part of the estate adjudged to the heirs at law of Dr. G. S. Brock.

■  The argument of the appellants that each beneficiary should be required to pay the Kentucky Inheritance Tax on the

money or property he receives from the testatrix is without merit. Even though an inheritance tax is imposed upon the privilege of succeeding to property, there is nothing in the nature or impact of such a tax to prevent its burden from being shifted by a testator. Accordingly, it is competent for one disposing of property by will to charge one or more parts of the estate with the payment of the inheritance tax. McLeod v. Andrews, 303 Ky. 46, 196 S.W.2d 473. See McKinney v. Mt. Sterling National Bank, 310 Ky. 186, 220 S.W.2d 379. This, the testatrix directed in plain and certain terms.

The conclusion we have reached makes it unnecessary to consider the alleged error of the lower court in setting aside the submission of the case and permitting the taking of further proof.

The judgment appealed from is reversed, to the extent indicated in this opinion, with directions for proceedings in conformity with this opinion. Except as so indicated, the judgment is affirmed.

BIRD, J., did not participate in the consideration or decision of this case.