Estate of Minnie S. Pridmore, Deceased, Lee S. Jones, Executor v. Commissioner.
Estate of Pridmore v. Commissioner
Docket No. 72022.
United States Tax Court
T.C. Memo 1961-12; 1961 Tax Ct. Memo LEXIS 335; 20 T.C.M. (CCH) 47; T.C.M. (RIA) 61012; January 24, 1961
*335 Decedent died testate March 8, 1955. The executor of the estate filed an estate tax return on September 26, 1956. Respondent determined higher values for certain real property and household furnishings than those reported in the return. Respondent also disallowed a portion of claimed deductions and determined an addition to tax for failure to file the estate tax return within the precribed time. The items of expenditure claimed as deductions by petitioner were all approved by the probate court having jurisdiction of the estate. Held: (1) Respondent's determination as to the value of the real property and household furnishings in question sustained except as to one parcel of real estate the value of which was stipulated to be of a lesser amount. (2) Deductions for funeral expenses, administration expenses and claims against the estate determined. Section 2053(a), I.R.C., 1954. (3) Failure to file estate tax return within the time prescribed by section 6075(a), I.R.C., 1954, not shown to have been due to reasonable cause and addition to tax under section 6651(a) sustained. R. T. Baker, Esq., and Lee S. Jones, Esq., Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. Bart A. Brown, Jr., Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined deficiencies *338 in estate tax and addition to tax of petitioner as follows: Addition
to Tax
Defi-
Section
Assessed
Liability
ciency
6651(a)
$10,421.73
$13,406.93
$2,985.20
$597.04
By amendment to his answer respondent claims an increased deficiency in estate taxes in the amount of $92.02. The following issues are presented: (1) whether respondent correctly determined the value of certain real and personal property; (2) whether certain specific claimed deductions are properly allowable under section 2053(a) of the Internal Revenue Code of 1954; and (3) whether respondent correctly determined an addition to tax under section 6651(a) of the Internal Revenue Code in 1954. Certain other errors alleged in the petition have either been abandoned by petitioner or will be resolved by the Rule 50 computation. Findings of Fact The stipulated facts are found. Petitioner is the Estate of Minnie S. Pridmore, who died testate in Louisville, Kentucky, on March 8, 1955. The will of the decedent dated November 19, 1948, and two codicils dated September 26, 1951, and May 17, 1952, respectively, were duly probated *339 and Lee S. Jones was appointed executor by order of the Jefferson County Court on March 14, 1955. The executor, Lee S. Jones, is an attorney and is one of the attorneys of record for the petitioner herein. Petitioner filed an estate tax return with the district director of internal revenue, Louisville, Kentucky, on September 26, 1956. By letter dated November 22, 1955, and received November 23, 1955, petitioner forwarded to the district director of internal revenue a check in the amount of $10,421.73 with the request that the same be credited for payment of Federal estate taxes. Petitioner did not at any time request and respondent did not grant any extension of time for filing the return. The executor of the estate elected to have the gross estate of the decedent valued as of the alternate valuation dates authorized by section 2032 of the Internal Revenue Code of 1954. With the exception of one piece of real property (2132 Cherokee Parkway) the value of which is not in dispute, the following schedule sets forth the real property, all situated in Louisville, Kentucky, owned by decedent at the date of her death, the value reported on the estate tax return, *340 and the value as determined by respondent in the notice of deficiency: Value De-
Value Re-
termined
ported on
by Re-
Property
Return
spondent
2136 Cherokee Parkway
$15,000.00
$19,000.00
826 South Second Street
12,000.00
13,000.00
109 South 30th Street
4,000.00
6,100.00
426 East Gray Street
6,500.00
6,750.00
1270 South Floyd Street
7,000.00
8,300.00
830 South Second Street
15,000.00
16,948.96
1609 West Broadway
10,000.00
10,076.38
609 West Oak Street
5,000.00
5,243.95
The values of the last three of the above listed properties for estate tax purposes have been stipulated by the parties to be: Property
Value
830 South Second Street
$16,948.96
1609 West Broadway
10,067.38
609 West Oak Street
5,243.95
The parties have also stipulated that the following properties were sold by petitioner within one year after the death of decedent for the prices indicated: Property
Sales Price
109 South 30th Street
$6,100.00
426 East Gray Street
6,750.00
1270 South Floyd Street
8,600.00
The real property located at 2136 Cherokee Parkway consisted of a lot, 50 feet by 175 feet, on which was situated *341 a seven-room, two-story, two-bath building about 45 years old. The real property located at 826 South Second Street was sold by the executor but neither the date of sale nor the sales price is disclosed by the record herein. At her death decedent owned certain household furniture situated in the properties at 2136 Cherokee Parkway, 2132 Cherokee Parkway, and 426 East Gray Street. The executor placed a value of $5,000 on this furniture as of the date of death of decedent and $4,000 as of the alternate valuation date. The furniture was reported in the estate tax return at the latter value. The respondent determined that the household furniture had a value of $5,000 on the appropriate alternate valuation date. In 1955 a complaint in equity was filed in the Circuit Court of Jefferson County, Kentucky, by Katherine S. Bailey, et al. (heirs of decedent) against Lee S. Jones, Executor of the Will of Minnie S. Pridmore, Deceased, Joseph G. Pridmore, and Charles Roger Vickers, for construction of the will of decedent. The sole issue in the case was whether the proceeds from the sale of certain land owned by decedent at the time she executed the will, which land was bequeathed by her to *342 her heirs-at-law but was sold by decedent between the time she executed the will and the time she died, passed under the will to her heirs-at-law or was a part of the residuary estate and passed to Joseph G. Pridmore, husband of the decedent, as residuary beneficiary under the will. The Circuit Court held that the proceeds from the sale of the land passed under the will to the heirs-at-law in lieu of the land itself. The Court of Appeals affirmed the decision of the Circuit Court. The case appears as Pridmore's Executor v. Bailey (1957) 300 S.W. 2d 559. A separate answer to the complaint was filed by the executor. The following items were listed as deductions in Schedule J of the estate tax return filed by petitioner: Executor's Commissions
$10,000.00
Will Contest, Executor's Defense
Fee
5,000.00
Other Estimated Expense
5,000.00
Funeral Expenses
2,000.00
Appraisers Fees
450.00
Bond Fee
675.00
Court Costs Settlement
1,000.00
Total
$24,125.00
Respondent allowed $10,000 as executor's commissions but disallowed the $5,000 claimed by petitioner on the estate tax return for "Will Contest, Executor's Defense Fee." He also made certain adjustments *343 with respect to the other items claimed as deductions in Schedule J of the estate tax return for funeral and administration expenses. The deductions allowed are set forth in the notice of deficiency as follows: Executor's Commissions
$10,000.00
Funeral Expenses
1,738.85
Monument
275.00
Miscellaneous Administration Ex-
penses
4,077.71
Total
$16,091.56
Petitioner did not claim any deduction in the estate tax return for a monument as such. The parties have now stipulated, however, that the total amount allowable for funeral expenses is $2,013.85, being the aggregate of $1,738.85 and the $275 allowed by respondent in his notice of deficiency for funeral expenses and cost of monument. Of the $4,077.71 allowed by respondent as "Miscellaneous Administration Expenses" the parties have stipulated that $657.25 represents expenditures incurred in connection with the will construction suit. By amendment to his answer respondent alleges that said $657.25 is not an allowable administration expense and claims an additional deficiency in estate tax with respect thereto. The remaining amount of $3,420.46 ($4,077.71 minus $657.25) was stipulated to be deductible miscellaneous *344 administration expenses. The parties stipulated that "Petitioner paid $10,000 to Lee S. Jones." They further stipulated that petitioner made the following additional disbursements: Payee
Amount
Lee S. Jones
$10,000.00
Lee S. Jones
5,000.00
Koenig Brothers
106.00
Internal Revenue Service
2,686.14
Treasurer of Kentucky
615.20
Dr. Hunt Jones
10.00
Nanz & Neuner
18.00
Sheriff, Taxes
40.99
Treasurer of Kentucky
211.75
Clerk's Cost
25.40
Clerk's Cost
2.00
Treasurer of Kentucky
6.30
Clerk's Cost
13.00
Treasurer of Kentucky
235.52
Clerk's Cost
4.00
E. J. Rehm
120.00
Courier-Journal
15.96
Peter & Butler
122.50
Southern Bell Telephone
7.68
Louisville Water Company
39.35
Daubert Electric
8.00
Internal Revenue Service
1,000.00
Bruce Hoblitzell
84.30
J. H. Cohen
31.17
Total
$20,403.26
The codicil to decedent's will executed May 17, 1952, provides as follows: I give to Lee S. Jones the sum of Ten Thousand dollars ($10,000.00) in full for his services to my estate. I also appoint Lee S. Jones as executor of my will. Either the first $10,000 stipulated as having been paid to Lee S. Jones or the $10,000 included as the first *345 item in the above stipulated schedule of additional disbursements represents the $10,000 referred to above in the codicil to decedent's will and the other $10,000 item represents executor's commissions. It is not necessary for us to determine which is the case inasmuch as the amount paid under the codicil is not claimed as a deduction and respondent has allowed a deduction in the amount of $10,000 for executor's commissions. In addition to the above $10,000 items Jones received an executor's commission in the amount of $5,000 (Item 2 in the above schedule) for the defense of the will construction suit. The remaining items in the above schedule represent administration expenses or claims against the estate for services, utilities, taxes, etc. furnished to or (except as indicated below) due from decedent prior to her death. The sum of $106 was paid by petitioner to Koening Brothers in payment of a bill for plumbing services on the property at 830 South Second Street. The sum of $2,686.14 was paid by petitioner to the director of internal revenue in payment of the balance of Federal income tax due from decedent and her husband, Joseph G. Pridmore, for the taxable year 1954. Decedent *346 and her husband filed a joint Federal income tax return for 1954. The sum of $615.20 was paid by petitioner to the Kentucky State Treasurer in payment of Kentucky income tax due from decedent for the taxable year 1954. The sum of $18 was paid by petitioner to Nanz and Neuner for flowers at the funeral of decedent. The sum of $40.99 was paid by petitioner for a personal tax bill of decedent. The sum of $211.75 was paid by petitioner to the Treasurer of Kentucky for back taxes imposed on deposits in building and loan associations in Indiana owned by decedent which deposits had not been reported by decedent. The sum of $25.40 was paid by petitioner to the Clerk of the Court of Appeals, Kentucky, as a part of the cost in a will contest case. The sum of $2 was paid by petitioner for a copy of a document filed as an exhibit in the will contest referred to immediately above. The sum of $6.30 was paid by petitioner to the Treasurer of Kentucky for a tax item which decedent had omitted to pay. The sum of $13 was paid by petitioner to the Clerk of the Fayette Circuit Court in a suit to collect assets of the estate. The sum of $235.52 was paid by petitioner to the Treasurer *347 of Kentucky for taxes imposed on "intangible deposits in the State of Indiana." The sum of $4 was paid by petitioner to the Clerk of the County Court for two copies of the will of decedent filed in one of the cases referred to. The sum of $120 was paid by petitioner to E. J. Rehm, Commissioner of the Jefferson County Court, for his services in reviewing, examining, and acting on the executor's report. The sum of $7.68 was paid by petitioner to Southern Bell Telephone Company in payment for telephone service to the residence of decedent during her life. The sum of $39.35 was paid by petitioner to the Louisville Water Company for water service at the residence of decedent during her life. The sum of $8 was paid by petitioner to Daubert Electric Company in payment for services rendered to decedent during her lifetime. The sum of $1,000 was paid by petitioner to the director of internal revenue for the first installment of 1955 Federal income tax due from decedent and her husband, J. G. Pridmore. The sum of $84.30 was paid by petitioner to Bruce Hoblitzell, Sheriff of Jefferson County, for 1955 state and county taxes on property owned by decedent at her death. The petitioner *348 filed a "Periodical Report" with the Jefferson County Court which was approved on February 4, 1957, and a "Final Report" which was approved on May 5, 1958. The Jefferson County Court had jurisdiction of the probate of the estate. Each of the items listed in the above schedule of disbursements is included in the Periodical or Final Report filed by the executor and approved by the probate court. The value of the various parcels of real estate for estate tax purposes is as follows: 2136 Cherokee Parkway
$19,000.00
826 South Second Street
13,000.00
109 South 30th Street
6,100.00
426 East Gray Street
6,750.00
1270 South Floyd Street
8,300.00
830 South Second Street
16,948.96
1609 West Broadway
10,067.38
609 West Oak Street
5,243.95
The value of the household furnishings for estate tax purposes is $5,000. The failure of petitioner to file an estate tax return within the time prescribed by section 6075, Internal Revenue Code of 1954, was not due to reasonable cause. Opinion The first question involves the value for estate tax purposes of the real and personal property of the estate. Eight separate parcels of real estate and *349 certain household furnishings are involved. The parties have stipulated the value for estate tax purposes of three of the parcels. The stipulation coincides with the determination of respondent except as to the property at 1609 West Broadway. With regard to that property, the respondent determined a value of $10,076.38 but stipulated herein a value of $10,067.38. This may have been due to a typographical error but, if so, respondent has not sought a correction. We have found the values of these three parcels to be as stipulated. Of the remaining five parcels of real estate, there was a stipulation that three parcels were sold within one year of the death of decedent for specified prices. The stipulation as to sales price coincides with the determination of value by respondent except as to the property at 1270 South Floyd Street. With regard to that property, respondent determined a value of $8,300, but stipulated herein the sales price was $8,600. Respondent has not sought any additional deficiency by reason of the stipulated sales price of the last mentioned parcel. Accordingly, we have determined the values of the three above mentioned parcels sold within a year after decedent's *350 death to be not less than the amounts determined by respondent. The expenses of selling such properties, contrary to petitioner's argument, are not to be regarded in determining the value of the properties for estate tax purposes. There was no stipulation regarding the value of the real property at 2136 Cherokee Parkway or 826 South Second Street. These two parcels were valued in the estate tax return at $15,000 and $12,000, respectively. Respondent determined their values to be $19,000 and $13,000, respectively. The executor testified the values reported in the estate tax returns were placed on said properties by him. While he testified he was familiar with the properties in question and had had some experience as an attorney in valuing real property, we are not satisfied that the executor was shown to have been sufficiently qualified as an expert on real estate values to require our acceptance of his unsupported opinion. No explanation was given as to the method of evaluation employed or bases used by the executor in arriving at his valuations. Nor do we regard the executor herein as an entirely disinterested witness. On brief, petitioner argues that the accounting reports show *351 the property was evaluated by three appraisers appointed by the probate court. None of said appraisers was called as a witness herein, however; nor were the reports of their appraisals offered in evidence. The respondent's determination is presumptively correct, Colonial Fabrics v. Commissioner, 202 F. 2d 105, affirming a Memorandum Opinion of this Court, certiorari denied 346 U.S. 814, and, in the absence of any other testimony or evidence offered by petitioner we find that the values of the properties at 2136 Cherokee Parkway and 826 South Second Street, for Federal estate tax purposes, are as determined by respondent. With respect to the household furnishings, we have found as a fact their value on the appropriate alternate valuation date to be $5,000. The record does not contain any itemization or description of the household furnishings involved nor any evidence as to the value thereof other than the unsupported opinion of the executor. Our findings coincide with the determination of respondent. The next issue presents the question whether certain specific items claimed as deductions by petitioner under section 2053(a) of the Internal Revenue Code *352 of 1954, [1] are properly allowable. Section 2053(a) provides: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) General Rule. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts - (1) for funeral expenses, (2) for administration expenses, (3) for claims against the estate, and (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, as are allowable by the laws of the jurisdiction, whether within or without the United States under which the estate is being administered. The items in question are those contained in the stipulated schedule of "additional disbursements" set forth in our findings, with the exception of the first item therein in the amount of $10,000, which, as noted in our findings, was allowed by respondent and is not here in controversy. On brief, respondent *353 has also conceded that three of the items (6, 17 and 18 of said schedule) in the amounts of $10, $15.96 and $122.50, respectively, are properly deductible by petitioner. Of the remaining items in said schedule, respondent contends that the deductibility of items 3, 7 through 13, 15, 16, and 19 through 24, was not raised by the pleadings but is raised for the first time by petitioner in its brief, and therefore that the issue involving the deductibility of such items is not properly before the Court. We find no merit in this contention. While the petition does not specifically set out each of the items claimed as deductions herein, as definitely and precisely as might be desired, we think there are sufficient general allegations of error respecting the allowances and disallowances made by respondent which, when considered in connection with the stipulation of the parties at trial regarding expenditures, the testimony regarding the nature of such expenditures, and the inclusion of such expenditures in the reports made by the executor to the probate court and the allowance thereof by the probate court, as to bring the question of the deductibility of the specific items properly before *354 this Court. Cf. Commissioner v. Finley, 265 F. 2d 885, affirming a Memorandum Opinion of this Court, certiorari denied 361 U.S. 834; Mertin E. Farr, 11 T.C. 552, affd. sub nom Sloane v. Commissioner, 188 F. 2d 254, without discussion of this point. We are further of the opinion that each of these items (3, 7 through 13, 15, 16, and 19 through 24) except item 22 (hereinafter discussed) is properly deductible under section 2053(a) as an expense of administration or claim against the estate. Payment thereof by the estate was approved by the state court having jurisdiction; they were paid by the executor; and, aside from the pleading question, we do not understand respondent to contend otherwise. This brings us to consideration of items 2, 4, 5, 14 and 22 of the above schedule and of the $657.25 expenditure which the parties stipulated was made by petitioner in connection with the will construction suit, and which expenditure respondent, by amendment to his answer, now claims is not an allowable administration expense. The first of these items (2) represents the payment to Lee S. Jones of $5,000 as a special commission in connection *355 with the defense of the will construction suit. Respondent contends that neither this expenditure nor the $657.25 paid as other expenses in connection with said suit was for the benefit of the estate; that Joseph G. Pridmore, the residuary beneficiary under the will, was the real party in interest; that expenditures made incident to such litigation were made for his benefit and are therefore not deductible by petitioner as administration expense. Respondent relies upon Treasury Regulations 20.2053-3(a) which provides, in general, that "The amounts deductible from a decedent's gross estate as 'administration expenses' * * * are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate" and that "Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions." The evidence is not clear whether the executor received the $5,000 as an attorney's fee or as an executor's commission. The check issued to Jones in payment of that amount contained the notation that it was for "Approved Fee, Heirs v. *356 Pridmore Case, Court of Appeals of Kentucky." On the estate tax return, the $5,000 payment was described as "Will Contest, Executor's defense Fee." The periodical report to the Jefferson County Court indicates, however, that the $5,000 was paid as a credit on commissions, and was approved by the probate court as such. We have treated it as a commission. We agree that Joseph G. Pridmore, as residuary beneficiary, apparently stood to benefit in the event the plaintiffs in the will construction suit had not been successful. The fact remains, however, that the executor was a necessary party defendant in the suit and it was incumbent upon him to respond thereto. The distribution of the assets of the estate to be made by him was clearly affected by its outcome. The probate court approved the allowance of a $5,000 commission to the executor in connection with such litigation, as well as $657.25 for expenses therein and both such expenditures were paid by the executor. The Kentucky Revised Statutes provide for the allowance of additional compensation to an executor, administrator or curator, under certain circumstances. K.R.S., section 395,150. They further provide, in connection with accountings *357 before a probate court, that "No credit shall be allowed a fiduciary for disbursements, fees or services without legal evidence to justify it." K.R.S. 25,180. In the absence of any showing to the contrary, it is to be presumed the Jefferson County Court acted in accordance with Kentucky law in allowing the executor's commissions and expenses in question. Estate of Jean S. Alexander, 25 T.C. 600, 610. See also Freuler v. Helvering, 291 U.S. 35; Weyenberg v. United States, 135 F. Supp. 299. Accordingly, we hold that the executor's commission in the amount of $5,000 and the expenses in the amount of $657.25 are deductible herein under the provisions of section 2053(a). Cf. Estate of Elizabeth L. Audenried, 26 T.C. 120; Estate of A. Bluestein, 15 T.C. 770. The next item (4) represents the payment of $2,686.14 to the director of internal revenue for the balance of Federal income taxes due from decedent and her husband for the taxable year 1954. The return for that year is not in evidence. Jones testified, however, that decedent and her husband filed a joint return for 1954, and the check evidencing the payment of the above *358 amount bears the notation: "For Bal. 1954 Income Tax Minnie S. & J. G. Pridmore." Section 6013(d)(3) provides that "if a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Under Treasury Regulation 20.2053-6(f), state and Federal income taxes on income earned by a decedent prior to his death are deductible as claims against the estate. Where a joint income tax return is filed, the decedent's share of the total tax, and thus the amount deductible as a claim against the estate, is "the amount for which the decedent's estate would be liable under local law, as between the decedent and his spouse, after enforcement of any effective right of reimbursement or contribution." The regulation further provides that the deduction shall not exceed decedent's liability for the period reduced by the amounts already contributed by the decedent toward payment of the joint liability. See Rev. Rul. 56-290, 1956-1 C.B. 445, and Rev. Rul. 57-78. 1957-1 C.B. 300. Respondent's position is that petitioner has established no basis for determining *359 what portion, if any, of the 1954 income tax liability of decedent and her husband represented a claim against decedent's estate, and accordingly no part of the amount of $2,686.14 is properly deductible by petitioner herein. We agree. Petitioner apparently relies entirely upon the fact that the probate court approved the executor's accounting report showing payment of the amount involved to the director of internal revenue. This the probate court could appropriately do in view of the fact that, under Federal law, decedent was both jointly and severally liable for the entire tax due under the joint return filed by her and her husband. It does not appear, however, that the probate court was requested to, or did in fact, determine the amount of such payment for which decedent's estate would be entitled to receive reimbursement or contribution from decedent's husband. Thus the approval of the disbursement by the probate court does not of itself establish the deductibility of the payment for Federal estate tax purposes. The executor of decedent's estate is an attorney, experienced in both Federal and state taxing matters, and presumably was fully aware of the necessity of establishing *360 what portion, if any, of the income taxes involved arose out of the separate taxable income received by the decedent so as to constitute a deductible claim against decedent's estate. Moreover, his failure to discuss these requirements on opening brief or to meet respondent's contentions on reply brief is some indication petitioner recognizes the validity of respondent's argument. Considering all the facts and circumstances, and particularly petitioner's failure to sustain his burden of proof, we sustain respondent's disallowance of this item (4) in the amount of $2,686.14. Item 22 of the stipulated schedule of "additional disbursements" represents the payment of $1,000 to the director of internal revenue and differs from item 4 discussed above only in that it relates to the income tax liability of the decedent for a fractional year, that part of the year 1955, which preceded decedent's death. Here again the income tax return covering this period is not in evidence, nor is there any testimony concerning the kind of return or returns filed. The check evidencing this payment bears the notation "For 1st Installment 1955 Income Tax M. S. & J. G. Pridmore." For the reasons discussed above, *361 we sustain respondent's disallowance of this item (22) in the amount of $1,000. The next item (5) represents the payment of $615.20 to the Kentucky State Treasurer for 1954 state income taxes. Respondent, on brief, argues that this check represented "the Kentucky state income taxes owed by Mr. and Mrs. Pridmore on the income earned by them in 1954 and reported by them in their joint Kentucky state income tax return," and that "Under Treas. Reg. 20.2053-6(f), one-half of this amount, or $307.60, was a claim against the estate and is, therefore, properly deductible by petitioner." Inasmuch as we do not find the evidence to be as contended by respondent, we deem it unnecessary to discuss respondent's argument that under Treasury Regulation 20.2053-6(f), "one-half" of the amount in question constituted a deductible claim against decedent's estate. Here again the return for the period in question is not in evidence. Although Jones testified that decedent and her husband filed a joint Kentucky income tax return for the year 1954, the check evidencing the payment in question bears the notation that it is "For 1954 State Income Tax. *362 " It is drawn on the account of the Estate of Minnie S. Pridmore, by Lee S. Jones, Executor. There is no reference thereon indicating that any part of the amount is in payment of the income taxes of decedent's husband. Jones testified that this check "was the amount of state tax due the State of Kentucky by Mrs. Minnie Pridmore on her income for 1954." In the light of these circumstances the burden was upon respondent to establish, if such was the case, that the payment in question or some portion thereof covered state income taxes due from decedent's husband. He has failed to do so. Accordingly, we hold that the entire amount of this item ($615.20) is deductible by petitioner under section 2053(a). The last item for our consideration (14) represents the payment of $235.52 to the Treasurer of Kentucky. Jones testified this was for taxes on "intangible deposits in the State of Indiana." Section 2053(c)(1)(B) provides that property taxes not accrued before the death of the decedent shall not be deductible under this section (section 2053). Respondent contends that petitioner has failed to establish that the property taxes in question accrued prior to the death of the decedent and, *363 accordingly, no part of the $235.52 payment is deductible as a claim against the estate. We agree. The check evidencing this payment is not in evidence and its date has not otherwise been shown. Presumably it was made subsequent to December 1, 1956, since the payment is not included in the Periodical Report which the executor made to the probate court covering his administration of the estate up to December 1, 1956, but is included in the Final Report filed March 26, 1958. In connection with this item (14) in the amount of $235.52, it is to be noted the executor also included in his Final Report the payment of $211.75 to the Treasurer of Kentucky, which payment he testified was "for a tax liability that the State of Kentucky imposed on deposit [deposits] in building and loan associations in Indiana, * * * which deposits had not been reported by Mrs. Pridmore in her lifetime, and these were for back assessments." Petitioner has offered no explanation as to why there were two payments on deposits outside the state of decedent's residence. In the absence of evidence to the contrary, it may be assumed that they were in payment of taxes on deposits outside the state for different taxing *364 periods and having different accrual dates. Respondent has made no contention herein that the property taxes for which the $211.75 payment was made did not accrue prior to the death of the decedent and we need not consider that payment further. He does contend, however, that petitioner has failed to establish that the property taxes for which the $235.52 payment was made accrued prior to the death of the decedent. The fact that the probate court approved the payment of this item by the executor is not alone sufficient to make the expenditure deductible under section 2053(a). The taxes could very well have accrued subsequent to the death of the decedent, but during the period of administration and the payment thereof have properly been approved by the probate court. They are not deductible under the provisions of section 2053(a), however, unless they accrued prior to the death of the decedent. Section 2053(c)(1)(B). Cf. Hill v. Grissom, 299 Fed. 641; Estate of Will Wright, 8 T.C. 531. The third issue is whether respondent was correct in determining an addition to tax under section 6651(a). Section 6075(a) provides that an estate tax return "shall be filed *365 within 15 months after the date of the decedent's death." Section 6651, insofar as pertinent, provides: SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. (b) Penalty Imposed on Net Amount Due. - For purposes of subsection (a), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed upon the return. Decedent died on March 8, 1955. The time for filing the estate tax return expired *366 on June 8, 1956. The return was filed September 26, 1956. The burden was on the petitioner to establish that the failure to file the return timely was due to reasonable cause and not due to willful neglect. This it has failed to do. Petitioner contends that the late filing of the return was due solely to the estate being involved in litigation affecting the items on which the tax must be based. This, however, is not sufficient. Section 6081 provides that the Secretary or his delegate may grant a reasonable extension of time for filing an estate tax return for not more than 6 months. It does not appear, however, that the executor at any time requested an extension of time for filing the estate tax return herein, or that such an extension was ever granted by the respondent. The executor testified that, before the return was due, he made a tentative computation of the estate tax based on the facts then at hand and, on November 22, 1955, forwarded to the district director, Internal Revenue Service, a check for $10,421.73, with a letter requesting that it be credited to the estate for the payment of Federal estate taxes. The executor is an attorney and the above facts indicate he was *367 fully aware of the requirements of the statute relating to the filing of estate tax returns. His failure to file an estate tax return within the time provided by section 6075(a) or to obtain an extension of time for filing such a return, considering all the circumstances, can only be construed as due to willful neglect and not to reasonable cause. We hold that the respondent did not err in determining an addition to tax under section 6651(a). The amount thereof may be computed under Rule 50. Decision will be entered under Rule 50. Footnotes
1. All references to the Internal Revenue Code herein are to the Internal Revenue Code of 1954, unless otherwise indicated.↩