INA V. SMITH, GUARDIAN, v. W. H. CREECH.

(Filed 3 October, 1923.)

**1. Wills—Interpretation—Intent—Presumptions—Statutes.**

In its interpretation, a will will be given effect in accordance with its intent as gathered from the entire instrument, unless in violation of law; and where the will is sufficiently ambiguous to permit of construction, there is (1) a presumption against intestacy; (2) the first taker is to be considered as the primary object of the testator's bounty; and, by statute in this State, a devise of real property is to be construed in fee, unless in plain and express words it is shown or plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. C. S., sec. 4162.

**2. Same—Deeds and Conveyances—Mortgages.**

Several sisters, tenants in common of land, devised their interest to each other without residuary clause, all to the effect that should the testatrix's sisters, or any one of them, marry, to those remaining unmarried, and so on to the last single sister; and should all of them marry, then the estate to be equally divided between the surviving sisters or their lawfully begotten heirs. All of them died without leaving issue, and the will of the last surviving sister devised the lands to her brother, with direction to pay certain specific bequests, who paid the same and mortgaged the land to the plaintiff in this action: *Held,* the intent of the wills was to convey the fee simple in the lands to the sisters, defeasible as to each upon her marriage, and so on to the last survivor, and her devise to her brother was of a fee-simple title and subject to his mortgage.

**3. Wills—Interpretation—Extraneous Acts—Evidence.**

Acts of the parties in disposing of property as owner may, in proper instances, be received as evidence of their own concept of the meaning of his devise.

APPEAL by plaintiff from *Horton, J.,* at May Term, 1923, of WAYNE.

Controversy without action. On the hearing it appeared that John R. Smith, now deceased, having mortgaged a piece of land (that now in controversy) to plaintiff to secure a debt of $1,500, and default having been made, plaintiff, mortgagee, under powers contained in the instrument, on 19 February, 1923, after due advertisement, sold said land at public auction, when defendant became the purchaser at the price of $6,100; that it having been rumored that the title of John R. Smith conveyed in the mortgage was in part defective, the land was sold and bid in by defendant, with the understanding that the title in question should be investigated, and if the same proved defective, as suggested, the purchase price agreed upon would be proportionately reduced; that John R. Smith had died, and his wife, Ophelia, was devisee of the land under his will. The court, being of opinion that the

title to the land was defective to the 42/175 interest, entered judgment for the amount of bid, less the proportion indicated, and plaintiff excepted and appealed.

*D. H. Bland for plaintiff.*
*Teague & Dees for defendant.*

HOKE, J. From the pertinent facts as set forth in the case agreed, it appears that "The title to said property on 23 September, 1876, was in Mary A. Smith, C. A. V. Smith, M. T. A. L. Smith, Louvenia Smith, and Susan E. Smith as tenants in common, in fee simple. The said tenants in common were all sisters and no one of them was ever married, and all died prior to the year 1910, leaving no issue; that such title as John R. Smith owned in said lands and premises was acquired by him under the following instruments:

"A. The will of C. A. V. Smith, dated 11 August, 1877, probated 17 May, 1879, and recorded in will book No. 1, at page 152, in the office of the clerk of the Superior Court for Wayne County, the part of the will pertaining to the lands in controversy being as follows: 'I give and devise to my sisters, Mary A. Smith, M. Tabitha Smith, Louvenia E. Smith, and Susan E. Smith, all of my real and personal estate (together with my accounts), during their single lives, to share and share alike; but in case any one of them should marry, I give to the unmarried living sisters my entire estate, both real and personal, during their unmarried life, and so on to the last single sister; and should all of my sisters marry, then it is my will that my estate be equally divided between the surviving sisters or their lawfully begotten heirs.'

"B. The will of M. Tabitha A. Smith, dated 14 August, 1877, admitted to probate 31 October, 1881, and recorded in the office of the clerk of the Superior Court for Wayne County, in will book No. 1, page 215, the part of the said will pertaining to this controversy being as follows: 'I give and devise to my sisters, Mary A. Smith, C. A. V. Smith, Louvenia E. Smith, and Susan E. Smith, all of my real and personal estate during their single life, to share and share alike; but in case any one of them should marry, then I give to the unmarried living sisters my entire estate, both real and personal, during their unmarried life, and so on to the last single sister; and should all my sisters marry, then it is my will that my estate should be equally divided between my surviving sisters or their lawfully begotten heirs.' It will be noted that this will is dated practically at the same time as the will referred to in the preceding paragraph, and that substantially the same provisions are set forth therein. C. A. V. Smith died before M. Tabitha A. Smith.

"C. The will of Mary A. Smith, dated 17 November, 1881, admitted to probate 24 May, 1892, in the office of the clerk of the Superior Court for Wayne County in will book No. 1, page 566; that portion of said will bearing upon this controversy being as follows: 'I give, devise and bequeath to my sisters, Louvenia E. Smith and Susan E. Smith, all of my estate and property, real, personal and mixed, during their single life, to share and share alike; but in case any one of them should marry, then I give, devise and bequeath to the unmarried living sister my entire estate and property; but in case both of them should marry, then such estate and property is to be equally divided between them; and should either of my said sisters die before I do, my will and desire is that such share of such estate and property as would have belonged to such deceased shall be the property of such survivor.'

"D. Will of Susan E. Smith, dated 18 May, 1892, admitted to probate 26 September, 1903, in the office of the clerk of the Superior Court of Wayne County, in will book No. 2, at page 457, the part of said will relating to this controversy being as follows: 'I give, devise and bequeath to my sister, Louvenia E. Smith, all of my estate and property, real, personal and mixed, forever.'

"E. The will of Louvenia E. Smith, dated 3 November, 1910, admitted to probate 10 November, 1910, in record of wills No. 3, at page 322, that portion of said will bearing upon this controversy being as follows: 'Item 3. I give to my brother, John R. Smith, the house and lot on which I now live, in the city of Goldsboro, lying on South William Street; and my brother, John R. Smith, is to pay to each one of the children of my brother B. T. Smith, above named, $100, and to pay Fannie Smith, widow of my brother B. T. Smith, $400; and I give to said Fannie Smith all of my household and kitchen furniture.'

"The five sisters originally owning this property in fee had four brothers, to wit, John R. Smith, Josiah Smith, B. T. Smith, and W. H. Smith. Josiah Smith died intestate and without issue before any of the wills herein referred to were executed or admitted to probate, and need not, therefore, be considered in determining the controversy. B. T. Smith and W. H. Smith both died prior to John R. Smith, both leaving children."

It is contended for defendant that, under the first three of these wills, and insistently so under the first and second, those of C. A. V. Smith and Tabitha Smith, only a life estate in the devisor's interest is given, and that on their respective deaths the remainders in such interest would pass by descent to their heirs at law, which would include the children of the deceased brothers, B. T. and W. H. Smith.

The plaintiff contends that, under all of these wills, a fee simple in the lands was devised, and that under them the entire title was in John R. Smith, the mortgagor.

It was stipulated that in case a life estate only was passed by the wills, there should be a reduction of the purchase price to the amount of 42/175. The court being of opinion that the wills only devised a life estate, judgment was entered allowing the reductions, and plaintiffs excepted and appealed.

It is the accepted position in the interpretation of wills that the intent of the testator, as expressed in the entire will, must be given effect, unless in violation of law; and in arriving at this intent, and in wills sufficiently ambiguous to permit of construction, it is one of the recognized rules that there is a presumption against intestacy; second, that the first taker is ordinarily to be considered as the primary object of the testator's bounty. And another, sanctioned with us by positive statute, "That when real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple unless such devise shall in plain and express words show, or it shall be plainly intended by the will or some part thereof, that the testator intended to convey an estate of less dignity." C. S., sec. 4162; *Whitfield v. Douglas,* 175 N. C., 46; *Fellowes v. Durfey,* 163 N. C., 313; *Austin v. Austin,* 160 N. C., 368; *Steadman v. Steadman,* 143 N. C., 351; *Blue v. Ritter,* 118 N. C., 582.

Considering the wills in question here in view of these established principles, we are of opinion that each testatrix passed, and intended to pass, her entire interest and estate in this property to her unmarried sisters, with the stipulation that should any one of them marry, leaving the other sisters single, or any one of them, the interest of the one so marrying should terminate in favor of the others. And so on, "to the last living sister." And that the expression appearing in the will, "during their unmarried lives," or "during their single life," did not and was not intended to lessen the quantity of the estate devised, but was only in aid of the expressed purpose that the estate given should terminate on marriage, thus emphasizing the time when the defeasance should operate.

That this is the true construction appears from the fact that it is the clear and controlling purpose in the mind of each testatrix to make provision for her surviving unmarried sisters, and this provision is continued to the last sister remaining unmarried, and with no limitation over, except on the marriage of all; that the descriptive terms of the property are such as to indicate that absolute ownership was intended, "all of my real and personal estate," and again, "my entire estate"; that there is no residuary clause, and that on the happening of the contingency in the last clause, to wit, "the marriage of all the sisters," the fee simple is to be equally divided between "the surviving sisters or their lawfully begotten heirs," showing that in any event, married or

single, the sisters should have the property in absolute ownership, and that no intestacy was contemplated. While not allowed as controlling, the acts of the parties in disposing of the property as owners shows their own concept of the meaning of these wills, and, in case of ambiguity, may be considered in aid of arriving at proper interpretation.

This, in our opinion, being the correct construction, the wills of the sisters undoubtedly conveyed a fee simple in the property to the last surviving sister, and her will in turn conveyed the same interest to John R. Smith, thus constituting him the absolute owner. It may be noted further in confirmation of this view that in the will of the last surviving sister conveying the property to John R. Smith, devisee, John R. Smith is charged with the duty of paying to the children and widow of his deceased brother certain legacies, and that the same were paid to them, these being some of the persons whose interest caused the alleged defect in the title.

In the case of *McCallum v. McCallum,* 167 N. C., 310, cited and principally relied upon by appellees, there was a life estate in apt and definite terms given to the first taker without more, and with nothing in the will or condition of the parties tending to create ambiguity or permitting construction, and to our minds the case is not an apposite authority on the facts presented in this record.

There is error, and this will be certified, that judgment be entered for the full purchase price.

Error.