HELEN B. MOORE v. ALLEN LANGSTON, Executor of the Estate of GRACE B. NEAL, Deceased; ELIZABETH NEAL FRANKLIN and HUSBAND, WORTH H. FRANKLIN; NATALIE NEIL BLOMQUIST and HUSBAND, GEORGE B. BLOMQUIST.

(Filed 16 December, 1959.)

1. Wills § 31—

The dominant purpose of the testatrix as gathered from the entire instrument, irrespective of the use of any particular words, is to be ascertained and given effect, and, when necessary, attendant circumstances surrounding the testatrix at the time of the execution of the instrument may be resorted to in ascertaining such intent.

2. Wills § 33—

Testatrix devised and bequeathed all of her property to her two daughters. Thereafter she executed a codicil "this is my wish to be carried out in my will" that her sister receive two hundred dollars a month for life from rentals, and stating that she wanted her two daughters to see that this was done. *Held:* The words of the codicil are not merely

precatory but constitute a testamentary disposition of the property.

**3. Wills § 36—**

A bequest will be construed as a demonstrative rather than a specific bequest unless the intent to the contrary clearly appears in the will, and the mere designation of a fund out of which a legacy is to be satisfied is not enough to make the bequest specific.

**4. Same—  Bequest held to constitute a demonstrative and not a specific legacy.**

The codicil directed that testatrix's sister "receive from the rentals of my property Two Hundred Dollars" per month for life. At the time of executing the codicil testatrix was receiving approximately $2000 per month rentals from her property. Thereafter she conveyed her property to a rental corporation in exchange for a note of the corporation and shares of stock. After the conveyance to the corporation testatrix executed a codicil which, after making other unrelated bequests, re-affirmed the will. *Held:* The fact that testatrix was receiving no rentals directly at the time of her death does not adeem the legacy, since the bequest was not a specific but a demonstrative legacy to be satisfied out of the interest on the corporate note and the dividends on the corporate stock and then out of other available assets of the estate, it being apparent that testatrix was disregarding the corporate structure.

APPEAL by defendants from *Thompson, S. J.,* February, 1959 Assigned Civil Term, WAKE Superior Court.

This action was instituted by Helen B. Moore for the purpose of having the court determine and declare her rights under the will of her sister, Grace B. Neal. This will was executed January 27, 1944: "I, Grace B. Neal, declare this to be my last Will and Testament.

"I give, bequeath and devise all of my property, real, personal and mixed to my two daughters, Elizabeth Neal Franklin and Natalie Grace Neal share and share alike.

"I designate and appoint Allen Langston as executor of my will to serve without bond. /s/ Grace B. Neal."

On July 28, 1949, the testatrix executed the following codicil written in her own hand:

"This is my wish to be carried out in my will.

"That my beloved sister, Helen C. Moore, receive from the rentals of my property Two Hundred Dollars every month as long as she shall live and after her death this allowance shall stop.

"I want Natalie Neal and Elizabeth Neal Franklin to see that this is done.

"Also that grandmother's expenses be paid as it may be necessary."

On April 22, 1955, the testatrix executed a second codicil setting up a trust fund of $2,500 for Kathleen Foster to be paid at the rate of

$100 per month until her death or until the fund was exhausted. This provision is not material to the question here presented. However, the codicil further provided: "And except insofar as said will is expressly or by necessary implication changed by this codicil I do hereby ratify, republish and reaffirm my said will and each and every part thereof."

At the time the will was executed in 1944 the testatrix owned real estate consisting of her residence, the Wilmont Apartments, and the ManMur Bowling Center. At the date the first codicil was executed the testatrix was receiving approximately $2,000 per month rental from the apartments and the bowling center.

On May 20, 1954—a date subsequent to the execution of the first codicil and prior to the execution of the second—the testatrix, her daughter, Elizabeth Neal Franklin, and Allen Langston organized a corporation known as Wilmur Associates, Inc. The capital stock of the corporation consisted of 1,100 shares of Class A and 8,100 shares of Class B stock. By deed dated May 31, 1954, the testatrix conveyed the bowling center and by deed dated November 26, 1955, she conveyed Wilmont Apartments to the corporation. As payment for the bowling center she received 80 shares of Class A and 3,400 shares of Class B stock. For the Wilmont Apartments she received 1,000 shares of Class A and 3,000 shares of Class B stock, and a note for $50,000 bearing interest at five and one-half per cent.

The testatrix died on April 29, 1956. At that time she held 1,070 shares of Class A and 1,811 shares of Class B stock in the corporation and its note for $50,000 upon which $3,000 had been paid. All other outstanding shares of both classes were held by the daughters and their husbands, with the exception of 10 shares of Class A held by Mr. Langston.

The answer of the defendants discloses that on the date of the first codicil the plaintiff, sister of the testatrix, lived in the home of their mother, Mrs. Elizabeth Black. This home was purchased and substantially paid for by funds furnished by the testatrix, Grace B. Neal, and her husband, Dr. Paul N. Neal; "that Grace B. Neal supported her mother in said home by paying for her food, medicine, clothing, medical attendants, hospital bills, servants and nursing, and other necessities."

The plaintiff contends she is entitled to receive a legacy of $200 per month from the date the testatrix died and that the estate generally is impressed with a trust for its payment.

The defendants contend (1) the testatrix already having devised all her property to her two daughters in fee simple, the first codicil was intended merely as an expression of a wish or advice to the

two daughters; that the words are precatory and not mandatory, and the codicil creates no property right in the plaintiff; (2) if the court should hold the codicil constituted a bequest to the plaintiff, the legacy is specific in that it likewise provides for payment from rentals. In short, the defendants contend that payments were to be made from the receipts from rentals and from rentals only, and there being no receipts from rentals, there is no fund out of which payment can be made. Therefore, the legacy is adeemed.

The trial court "finds as a fact and as a matter of law that the portion of said will designated 'Codicil' dated July 28, 1949, is a vested demonstrative legacy; and the court further finds as a fact and as a matter of law that by the terms of the said will there is impressed upon the estate of the said Grace B. Neal, Deceased, a trust in favor of the plaintiff." The court decreed "That the plaintiff shall recover . . . first from rental income of the estate, if any, and the balance, if needed, from other assets of the estate, the sum of $200 each month from the date of the death of Grace B. Neal, April 29th, 1956, until the plaintiff's death, . . ." The payments were to be made by the executor until discharged and thereafter by Elizabeth Neal Franklin and Natalie Neal Blomquist who are declared trustees for the purposes of payment.

The defendants excepted to the judgment, and appealed.

*Clem B. Holding, Harris, Poe & Cheshire, By: W. C. Harris, Jr., for plaintiff, appellee.*

*Allen Langston, Fletcher & Lake, By: I. Beverly Lake for defendants, appellants.*

HIGGINS, J. In passing on this appeal, it becomes necessary to determine whether the first codicil was intended merely as the expression of a wish or advice to the two daughters, or whether it constituted a valid and enforceable bequest to the plaintiff.

At the date of the first codicil the testatrix was receiving from the two rental properties approximately $2,000 per month. She conveyed these properties to the corporation which she helped to organize. In payment she received stock in the corporation and its note for $50,000. The note, subject to a credit of $3,000, and a substantial block of stock in the corporation belonged to her at the time of death. It does not appear she had other rental property. At that time, the corporation was receiving approximately $2,000 per month rent from the apartments and the bowling center.

In determining the effect of the first codicil, resort must be had to all parts of the will, and, if necessary, to the attendant circumstances

surrounding the testatrix at the time she made it. *Trust Co. v. Wolfe,* 245 N.C. 535, 96 S.E. 2d 690. If the words used in a will do not of themselves make perfectly plain the maker's intent, the court may consider the circumstances and conditions surrounding the maker in order to determine the meaning. " 'The discovery of the intent of the testator as expressed in his will is the dominant and controlling objective of testamentary construction, for the intent of the testator, as so expressed, is his will.' *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; 'The intent of the testator need not be declared in express terms.' *Trust Co. v. Schneider, supra; Efird v. Efird,* 234 N.C. 607, 68 S.E. 2d 279; *Trust Co. v. Miller,* 223 N.C. 1, 25 S.E. 2d 177. 'And greater regard is to be given to the dominant purpose of the testator than to the use of any particular words.' *Allen v. Cameron,* 181 N.C. 120, 106 S.E. 484"; *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298.

What interest, if any, did the testatrix bequeath to the plaintiff by the first codicil? "This is my wish to be carried out in my will. That my beloved sister, Helen C. Moore, receive from the rentals of my property $200 every month as long as she shall live and after her death this allowance shall stop. I want Natalie Neal and Elizabeth Neal Franklin to see that this is done." The codicil begins with the statement that the wish is *"to be carried out in my will."* (emphasis added) It provides that the $200 payment shall be terminated by the death of the legatee. Then follows: "I want Natalie Neal and Elizabeth Neal Franklin *to see that this is done."* (emphasis added) The bequest is of money ($200 per month) "from rentals." On the date the codicil was written the testatrix was receiving $2,000 per month from Wilmont Apartments and ManMur Bowling Center. Subsequently a corporation was formed by the testatrix, one of the daughters, and Mr. Langston, their attorney. The incorporators selected Wilmur Associates, Inc., as the corporate name. It seems apparent the name came from a combination of Wil, the first syllable from the name of the Apartments, and Mur, the last syllable from the name of the Bowling Center. Evidence in the record indicates other rental property (Lincoln Theatre) was conveyed to the corporation by the daughters, for which they received corporate stock. It may be inferred that the corporation was organized for the purpose of operating rental properties. There is no evidence it carried on any other business.

The apartments and the bowling center returned a monthly rental of $2,000, to the testatrix before the transfer—to the corporation afterwards. It is not difficult to understand why the testatrix, looking through the veil of the corporate structure at the source, should consider the dividends on her stock as income "from rentals." In this

view, even if the legacy should be classified as specific, it would not fail if within the contemplation of the testatrix her estate had income "from rentals."

However, we think the testatrix clearly intended to bequeath to the plaintiff not a specific but a demonstrative legacy. The gift is not of rentals but of "Two Hundred Dollars every month as long as she shall live." The codicil provides that the bequest shall be satisfied "from rentals of my property."

The distinction between specific and demonstrative legacies is clearly pointed out in an exhaustive opinion by *Adams, J.,* in the case of *Shepard v. Bryan,* 195 N.C. 822, 143 S.E. 835, and subsequently approved in *Bost v. Morris,* 202 N.C. 34, 161 S.E. 710; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. See also 73 A.L.R. 1250, and 64 A.L.R. 2d 778. For the reasons pointed out in *Shepard v. Bryan,* the designation of a fund out of which the legacy is to be satisfied is not enough to make the bequest specific. The tendency of the courts is to hold that a bequest is not specific unless the intent clearly appears in the will.

Under the authorities cited and many others to the same effect, we conclude the bequest to the plaintiff constituted a demonstrative legacy to be satisfied first out of income from rental properties belonging to the estate, including interest from the note and dividends on the stock of Wilmur Associates, Inc. Should these prove insufficient, the remainder of the bequest may be satisfied out of other available assets of the estate.

The judgment of the Superior Court is modified to include in the rental income the interest on the note of, and the dividends from the stock in Wilmur Associates, Inc. As thus modified, the judgment of the Superior Court is affirmed.

Modified and affirmed.