S. Samuel Di Falco, S.
The executrix in this proceeding to settle her account has posed several questions as to the meaning, validity and effect of paragraphs Second, Fourth and Seventh of the decedent’s will. These questions arise mainly by reason of acts taken by the testator after the execution of his will and by reason of his lack of knowledge of certain facts at the time he drew the will.
*1005 In paragraph Second of the will, decedent provided: “ I give, devise and bequeath the sum of One Thousand ($1,000.00) Dollars to my beloved daughter, sylvia bosneb, * * * or her heirs. It is my desire that this sum be paid to her out of the butcher store business which I own
In paragraph Third of his will, decedent gave and bequeathed the said butcher store business to his two sons. However, some four months after the execution of the will, the decedent sold the butcher store business to his two sons and a question is now presented as to whether or not such sale has defeated the bequest. The bequest in the form made presents almost a classic example of a demonstrative legacy. As was stated by the Court of Appeals in Crawford v. McCarthy (159 N. Y. 514, 519): “ A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security. * * * A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate.” (See, also, Matter of Cameron, 278 N. Y. 352.) The court finds, therefore, that the legacy has not been defeated by the subsequent sale of the business and that the said legacy is payable out of the general assets of the estate.
In paragraph Fourth the decedent created three trusts of one piece of real property which was to be held by his trustees for the benefit of his three children and three named grandchildren under the following terms and provisions :
u to pay the net income to each of my children for whom such trust is held during the lifetime of such child and upon the death of each of the said children, my trustee shall continue to collect the income from the said property as aforementioned and to hold same in trust for my grandchildren, warren max bosneb, KENNETH LLOYD BOSNEB AND LAUBIE ANN BOSNEB.
“ It shall be solely within the discretion of my said trustee to pay over from the trust fund herein such sums as he shall deem necessary for the education and for any necessary medical care for my said grandchildren.
“ When each of said grandchildren shall reach the age of twenty-one (21) years, my trustee shall transfer and assign to him or her at such time an individual one-third (%) interest in and to the said premises. If the said property shall have been sold at that time, then he or she shall receive one-third of such cash at such time.
*1006 “ In the event that any of my grandchildren shall die before he or she shall reach the age of twenty-one (21) years, leaving him or her no issue surviving, then it is my desire and wish that upon his or her death, my surviving grandchild or grandchildren shall become the owner of the property contained in this trust fund.
“ I hereby give my trustee the sole and full right to sell or otherwise dispose of any real and personal property and to exercise his sole judgment and discretion concerning same.
“It is understood that my grandchildren are not to take under this Estate until and unless any of my children shall predecease them.”
The first question raised under this paragraph is whether the trust can be invaded at this time to provide for the education and necessary medical care of the grandchildren. The decedent’s three children are alive and the three named grandchildren, the children of Sylvia Rosner, are also alive. This question must be answered in the negative as the intent of the testator is plainly set forth. It is clear that the testator intended to provide a separate trust for each of his children during their respective lives, to continue the said trusts during the minority of his three grandchildren and to make distribution of the trusts to each of his grandchildren when they became of age. Lest there be any mistake about this the testator in the last subdivision of the quoted paragraph states quite unequivocally that his grandchildren were not to take thereunder until and unless his children predeceased the said grandchildren. The contention that the testator intended to allow invasion of the trusts for the education and medical care of his grandchildren during the life enjoyment of such trusts by his children is clearly contrary to the expressed intent of the testator and cannot be sustained. No court has the power to change the clear and definite words of a will. (Matter of Bisconti, 306 N. Y. 442; Matter of Englis, 2 N Y 2d 395.) The court directs therefore that the invasion of trust principal provided for by the testator cannot and does not become effective until and during the period that the trust income is payable to the grandchildren.
Further questions have been raised under paragraph Fourth with reference to the distribution of the trust principal in the event any of the named grandchildren should die before reaching the age of 21 leaving no issue surviving and as to whether there should be one continuing trust or three continuing trusts created if and when one of the testator’s children dies during the minority of the grandchildren. It is alleged in the petition that at the time of the decedent’s death he left him surviving *1007 not three but four grandchildren, one of such grandchildren being the child of his son Hyman Peters. The existence of the fourth grandchild was, however, not known by the testator at the time he drew his will, it being alleged that this information was kept from the testator because the said son Hyman Peters had married outside of his faith contrary to the wishes of his father. Although urged to determine these questions at this time the court finds that no purpose will be served by so doing. The questions are purely academic and may never arise. If the three named grandchildren survive to the age of 21 the trusts become vested in them and as each of the testator’s children dies his or her trust will be distributed to them.
It is only if one of the said grandchildren should die before reaching the age of 21 without leaving issue that any determination as to the distribution of these trusts will arise and it is only if one of the children should die during the minority of the grandchildren that the question as to whether or not there should be one or three continuing trusts will have to be decided. It is not the function of our courts to deal with abstract or academic questions and as the questions presented are, at this time, purely academic and their determination is not necessary for the purposes of administration of the trusts no determination of these questions will now be made. (Matter of Mount, 185 N. Y. 162; Matter of Gallien, 247 N. Y. 195; Matter of Trevor, 239 N. Y. 6.)
In paragraph Seventh of decedent’s will a trust is created in the following language:
‘ ‘ I hereby give, devise and bequeath all the rest, residue and remainder of my property, both real and personal of whatsoever nature or kind and wheresoever situated, which property shall include among other things my stocks, bonds and savings bank accounts unto my trustee hereinbefore named to manage, invest and reinvest the principal thereof and to hold same in trust nevertheless for my beloved grandchildren aforementioned and to pay over to him or her a one-third interest unto said property when he or she shall reach their twenty-first birthday.
“ In the event that either of my grandchildren shall die before he or she shall reach the age of twenty-one (21) years, leaving him or her no issue surviving, then it is my desire and wish that upon his or her death, my surviving grandchild or grandchildren shall become the owner of all my real and personal property contained in my residuary estate aforementioned.”
The first question raised by this paragraph is whether the fourth grandchild, of whom the testator had no knowledge, is to be included as a trust beneficiary. It is obvious from a *1008 reading of the paragraph that the testator in creating this trust had in mind only the three named grandchildren as he specifically refers to them as “ my beloved grandchildren aforementioned The word “ aforementioned” can only refer to the three grandchildren named in paragraph Fourth of the will. Further indication of this is found in the provision that a one-third interest in the property is to be paid over to each of his grandchildren when he or she shall reach their twenty-first birthday. The court finds therefore that the residuary trust is to be held for the benefit of the three named grandchildren in accordance with the terms of the testator’s will. The second question posed under this paragraph requires a determination of the distribution to be made if one of the grandchildren dies before reaching the age of 21 without leaving issue surviving. As was indicated hereinabove the question at this time is academic and the court can find no reason for its present determination. (Matter of Mount, supra; Matter of Gallien, supra; Matter of Trevor, supra.)