Charles L. JONES and the Unborn Heirs of
Cheryl Anne Edmunds, Appellants,

v.

William H. EDMUNDS et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1972.

E. P. Barlow Ropp, Guardian Ad Litem, Nunn, Travis & Ropp, Glasgow, for appellants.

Carroll M. Redford, Redford & Redford, Harry W. Berry, Dale Burchett, Henry H. Dickinson, Richardson, Barrickman & Dickinson, William B. Jones, Glasgow, for appellees.

VANCE, Commissioner.

This appeal presents several intricate problems relating to the proper settlement and distribution of an estate. Bryant Ralston Edmunds died testate and his will directed that his debts be paid out of his estate without specification of any particular part of the estate from which payment of debts should be made.

His will included three specific bequests of particular items of personal property and then provided in Item 4 as follows:

"All the rest, residue and remainder of my personal property, I give, devise and bequeath to my wife, Pearl."

The will specifically devised two five-acre parcels of real property and provided in Item 6 for the disposition of *all the rest, residue and remainder of my real property.* The terms of the devise of the residue of the real property were such that it may vest ultimately in minors and children yet unborn.

A declaratory judgment action was filed on behalf of the minor and yet unborn contingent remaindermen in the real property for the determination of a controversy as to what extent the debts of the estate should be paid from the personal property bequeathed to the widow and what distribution of the personal estate should be made to her. Also in dispute was the question of whether a bank account in the amount of $397.46 and forty-seven United States Savings Bonds of the value of $1,175.00 were property of the estate or the property of the widow. Several other issues were raised in the declaratory judgment action but no complaint is made as to the disposition of those issues in the court below and they will not be discussed here.

The trial court found that the bequest to the widow of the personal property was a specific bequest and that the personal property should be distributed to her subject only to a charge for a pro-rata share of the indebtedness of the estate. The court further found that the personal property was insufficient to pay the indebtedness of the estate and directed that a portion of the real property be sold and reserved judgment as to the distribution of the proceeds of sale.

The appellants, the contingent remaindermen in the real property, contend that the court erred in ordering a distribution of the personal property to the widow and erred in ordering a sale of the real property.

At common law indebtedness of a decedent was a charge upon the personal but not the real property of his estate. 34 C.J.S. Executors and Administrators § 479. By statute, Kentucky has imposed liability upon the real property of a decedent for the payment of his debts but this liability exists only where the personal property of the estate is insufficient for such payment. KRS 395.515; Davidson v. Marcum, 28 Ky.Law Rep. 562, 89 S.W. 703 (1905).

KRS 394.420, 394.430 and 394.440 relate to contribution from other devisees when a devised estate is taken for the payment of debt.

In Davie v. Allen's Ex'r, 198 Ky. 669, 249 S.W. 1013 (1923), the order of application of the property of an estate to the

payment of debts and specific devises was established as follows:

First, personal estate not exempted expressly or by implication;

Second, lands specifically devised and set apart for the payment of debts;

Third, lands descended, and

Fourth, lands specifically devised.

In *Davie* it was held that a specific bequest of designated personal property was exempt to the extent that it should not be used for the payment of debts until real property not mentioned in the will had been first applied to the payment. Cf. McKinney v. Mt. Sterling National Bank, 310 Ky. 186, 220 S.W.2d 379 (1949).

The chancellor took the view that the bequest of personalty in the instant case to the widow was a specific bequest and was subject only to a pro-rata charge for indebtedness and cost of administration.

Reliance was placed upon Howe v. Howe's Ex'x, 287 Ky. 756, 155 S.W.2d 196 (1941), in which a testator provided as follows:

" '* * * I leave all my personal property consisting of antique furniture, stocks and bonds and money invested with Travelers Life Insurance Co. and Massachusetts Mutual Life Insurance Co., to be divided equally.' "

We held that bequest to be specific upon the ground that specific items of property were designated with sufficient particularity to identify them and the use of the words *all my personal property* did not render the bequest any less specific in nature. It was further held that the specific bequest of personalty was not subject to payment of debts until other general devises of personalty were exhausted.

■ In *Howe* it was concluded that the bequest was not residuary in character. By definition the residue of an estate is that which remains after discharging all legal and testamentary claims against the estate or that which is left after payment of charges, debts, and particular legacies. Specific bequests are excluded from residue. Howe v. Howe's Ex'x, supra.

■ We think the bequest to the widow in this case was not a specific bequest. A specific bequest is the gift of a particular item or a part of a testator's estate which is capable of identification from all others of the same kind and which may be satisfied only by delivery of the particular thing bequeathed, not merely a corresponding amount in value or like property. Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S.W. 2d 1097 (1937).

Here the bequest was not of any specified thing but *all of the rest, residue and remainder of the personal property*. These are precise terms indicating an intention to give that which remains rather than any specific item and as such the gift is residuary in nature.

The suggestion (if it was so intended) in Howe v. Howe's Ex'x, supra, to the effect that a gift of *all personal property* would constitute a specific bequest without need for more specific description of the property is dicta and not controlling as precedent.

■ It follows that the judgment below was erroneous to the extent that it adjudged a delivery of the personal estate to Pearl Edmunds subject only to a pro-rata charge for debts, costs of administration and litigation. It is our view that the personal estate should be applied by the administrator to the payment of the debts and costs of administration. If the personal estate is insufficient for this purpose, a portion of the real property may, upon proper application, be sold to pay the remaining indebtedness. Real property should not be sold however until it satisfactorily appears that the personalty is insufficient for that purpose. 2 Ky. Practice, Section 816; Jones v. Keen, 289 Ky. 779, 160 S.W.2d 164 (1942).

The chancellor determined that the personalty was insufficient to pay the debts and costs of administration of decedent's estate. The value of the personal property was fixed at $7,498.74 and the claims against the estate were determined to be $9,818.82.

■ In making these determinations it is apparent that the chancellor excluded from the estate one-half of a bank account in the amount of $397.46 which was maintained in the testator's name on the ground that the wife, during the lifetime of the testator, was allowed to check upon the account. This exclusion was erroneous.

The fact that the wife was permitted to draw upon the husband's account indicates his acquiescence or permission for the wife to write checks but that alone does not establish that the wife had any ownership of the funds.

The chancellor made no adjudication of the issue of whether the United States Savings Bonds were an asset of the estate and the record is devoid of evidence addressed to this question.

■ In determining the liabilities of the estate the chancellor included sums which were estimated as costs of administration and counsel fees in this litigation. These sums are potential obligations of the estate but they have not been allowed as costs and as yet do not constitute a liquidated claim. The testimony of the administrator showed only the following claims against the estate:

1. Miscellaneous claims filed (not itemized) — $1,153.27
2. Mortgage on realty — $2,400.00
3. Funeral expenses — $1,090.45
   Total — $4,643.72

The personal estate is sufficient to satisfy these claims and the finding of the chancellor that the personalty is insufficient to pay the indebtedness of the estate is erroneous or at least premature. It follows that no showing has yet been made of the necessity to sell real property for the payment of debts and the judgment ordering the sale of a portion of the realty is erroneous.

The administrator of the estate should proceed to pay all valid claims against the estate out of the personalty in accordance with the priorities set out in this opinion. If the personalty is exhausted in the process and claims remain unpaid the administrator may petition for the sale of so much of the realty as is necessary to satisfy the remaining claims.

We do not pass upon the right of the widow to contribution from the devisees of the real property for so much of her bequest of personalty as is required for the payment of debts and costs. KRS 394.420 and 394.430. The right of contribution, if any, of the beneficiary of the residue of personal property against the beneficiary of the residue of the real property poses a question of statutory construction which was not decided by the chancellor and has not been briefed by the parties to this appeal. It is reserved.

Insofar as it directs or approves the distribution of personalty to Pearl Edmunds and the assessment of a pro-rata charge against the personalty for the indebtedness of the estate, costs of administration and cost of litigation; insofar as it adjudicates that one-half of the Citizens Bank account in the name of B. R. Edmunds was properly paid to Pearl Edmunds; insofar as it makes a determination of the value of the personal property of the estate and the amount of the indebtedness and costs for which the estate is obligated; insofar as it makes a determination that the personal estate is insufficient to pay the claims against the estate and directs the sale of a portion of the real property of the estate, the judgment is reversed for the entry of a new judgment in conformity with this

opinion. In all other respects the judgment is affirmed.

STEINFELD, C. J., and PALMORE, OSBORNE, NEIKIRK, HILL and MILLIKEN, JJ., concur.

REED, J., dissents.

REED, Judge (dissenting).

In my opinion the result is manifestly inequitable; it is an outcome contrary to the intention of the testator; the trial result was accepted by all the testator's living children; the trial judge had support in the language of an opinion which had to be withdrawn to accomplish this unfortunate result.