**NORTON–CHILDREN'S HOSPITALS, INC., Appellant,**

v.

**FIRST KENTUCKY TRUST COMPANY, Executor under the Will of Lily B. Moorman, Deceased, Berea College, University of the South, and Mrs. Jean Des Vignes, Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1977.

John E. Tarrant, John S. Osborn, Jr., and Charles R. Simons, Tarrant, Combs & Bullitt, Louisville, for appellant.

Joseph E. Stopher, Wm. P. Swain, Stuart E. Lampe, Henry R. Heyburn, Randolph A. Brown, and S. Timothy Lemon, Louisville, for appellees.

Before HOWERTON, COOPER and REYNOLDS, JJ.

REYNOLDS, Judge.

This is an appeal by Norton-Children's Hospitals, Inc. from a judgment of Jefferson Circuit Court, construing the will of Mrs. Lily B. Moorman.

Mrs. Moorman died, testate, in Jefferson County, Kentucky, on September 15, 1972, and after her will was probated, First Kentucky Trust Company qualified as executor. The Trust Company, appellee, pursuant to KRS 418.040 et sequi, filed this action for a declaration of rights and named as defendants, among others, Norton-Children's Hospitals, Inc., Berea College, University of the South and Mrs. Jean Des Vignes, who were devisees under the will. The gross value of the decedent's estate, prior to payment of estate taxes, was $2,493,000. This included assets received by Mrs. Moorman from the Belknap estate, now evaluated at $377,000. Item IV and Item VII of the will are the subject of construction on this appeal. Item IV of Mrs. Moorman's will provides:

My stepmother, Marion S. D. Belknap, died on or about May 6, 1966, and under the provisions of her will dated February 10, 1960 I became entitled to receive one-half of the residue of her estate. It is this particular portion of my estate, which has been devised to me under the will of my said stepmother which I am disposing of in this item of my will.

(a) In October, 1967 I made a pledge of Two Hundred Thousand Dollars ($200,-000.00) payable to the Frontier Nursing Service, Inc., of Hyden, Kentucky, to be used in connection with the Mary Breckinridge Hospital Fund. In the event said pledge has not been paid during my lifetime, then same shall be payable first out of the estate received by me from my said stepmother, Marion S. D. Belknap.

(b) I hereby make the following bequests to be paid out of said fund:

(1) Mrs. Jean des Vignes, of New York City, $5,000.00;

(2) University of the South, Sewanee, Tennessee, the sum of Two Hundred Twenty-five Thousand Dollars ($225,-000.00) in trust, to be added to any sums I have previously given to said University to be invested and reinvested and held as

a perpetual fund to be devoted to the following purposes: The annual net income from said trust shall be used to provide annual scholarships to worthy students who are ambitious to receive a college education. Each scholarship herein provided for shall be known as the 'Morris B. Moorman and Charles H. Moorman, Jr. Scholarship' in memory of my sons. * * *

(3) Berea College, of Berea, Kentucky the sum of Two Hundred Thousand Dollars ($200,000.00) as a memorial to my father, Morris B. Belknap, for its permanent Endowment Fund, the income only to be expended.

All the rest and residue, if any, remaining from the portion of my estate devised to me under the will of my stepmother, I hereby provide shall be distributed pursuant to the provisions of Item VII of my will.

Item VII disposes of the residue of her estate and provides:

All the rest and residue of my estate of every kind and description, and wheresoever located, that I may own at my death or have the power to dispose of by will, including any residue of the estate received by me as a devisee under the will of my stepmother, Marion S. D. Belknap, not previously disposed of in Item IV above, and including lapsed legacies, I give, devise and bequeath in equal shares to the following:

(a) To Berea College, of Berea Kentucky, as a memorial to my husband, Charles H. Moorman, and my sons, Morris B. Moorman and Charles H. Moorman, Jr., for its permanent Endowment Fund, the income only to be expended.

(b) To Children's Hospital, of Louisville, Kentucky [now Norton-Children's], for the endowment of a suitable memorial in memory of my mother, Lily Buckner Belknap.

 The sum of the aggregate legacies referred to in Item IV amounted to $430,-000 while the assets traceable from the Belknap estate were in the amount of $377,-000. The amount of payment to be made to the Item IV legatees, therefore, is in controversy, and we hold that the only question that is, or can be, before this court at this time consists of the correctness of the interpretation given to the document in controversy by the trial court's judgment. *Midlow v. Ray's Adm'x*, 302 Ky. 471, 194 S.W.2d 847 (1946). Since the trial court's interpretation of the will demonstrates such a degree of logic and thoroughness, embodied with reasonableness and correctness, this court both adopts and reiterates that portion of Judge Lyndon R. Schmid's findings of fact and conclusions of law that are raised on this appeal:

Basically, there are three types of bequests—general, specific and demonstrative. The gift of a specific sum of money with reference to a certain fund must be either specific or demonstrative. It is specific if the fund is designated as the exclusive source out of which the legacy is to be paid. It is demonstrative if the fund is merely the primary—but not the exclusive—source for satisfaction of the legacy. *Ruh's Executors v. Ruh*, 270 Ky. 792, 110 S.W.2d 1097 (1937). A legacy is specific 'when it is a bequest of a specified part of a testator's estate which is so distinguished and which may be satisfied only by the delivery of the particular thing.' 69 S.W.2d at 714–15. *Tagnon's Adm'x v. Tagnon*, 253 Ky. 374, 69 S.W.2d 715 [714] (1934); *Jones v. Edmunds*, Ky., 477 S.W.2d 771 (1972). The legacies in Item IV of Mrs. Moorman's will are of cash sums, not of portions of the assets received from the Belknap Estate.

The primary consideration in determining whether the bequests contained in Item IV of Mrs. Moorman's will are demonstrative or specific is the intention of Mrs. Moorman as determined from an examination of the entire will. 96 C.J.S., *Wills*, § 1127. However, it is clear that the law favors demonstrative legacies over specific legacies and that a legacy is

presumed to be demonstrative rather than specific. It has been stated that a legacy will not be construed as specific unless the testator clearly intended it to be specific. *Tagnon's Adm'x v. Tagnon, supra; Ruh's Executors v. Ruh, supra;* 96 C.J.S., *Wills,* § 1128.

The legal presumption in favor of demonstrative legacies is based on the factual presumption that a testator's or testatrix' expressed affection for a beneficiary is not so ephemeral as to be contingent upon the value of the property remaining unchanged. *Tifft v. Porter,* 8 N.Y. 516; *Johnson v. Conover,* 54 N.J.Eq. 333, 35 Atl. 292 [291] (1896), aff'd. 39 Atl. 1114 (1897).

Item IV(b) of Mrs. Moorman's will states that the cash bequests therein are 'to be paid out of said fund' (the assets received from the Belknap Estate). In *Smith v. Lampton,* 38 Ky.Rep. 69 (8 Dana 69) (1839), the Court of Appeals held that a bequest of a certain sum of money 'out of or to be paid out of a designated fund' is presumed to be demonstrative.

Since it is the finding of this Court from an examination of the instrument as a whole that Mrs. Moorman intended the Belknap fund to be the primary rather than the exclusive source of payment for the bequests in Item IV, this Court concludes that the bequests contained in Item IV are demonstrative and that they will not be deemed *pro tanto* merely because of the failure of the sufficiency of the Belknap fund.

In addition to the authorities hereinabove cited, this Court is persuaded by the following decisions from other jurisdictions: *In re Peter's Estate,* [32 Misc. 2d 1004], 224 N.Y.S.2d 305 (1962); *Lenzen v. Miller,* 378 Ill. 170, 37 N.E.2d 833 (1941); *In re Kuhr's Estate,* 120 N.Y. S.2d 729 (1950); *In re Lewis' Estate,* 148 Neb. 592, 28 N.W.2d 427 (1947); *In re Cline's Estate* [67 Cal.App.2d 800], 155 P.2d 390 (Calif.1945); *Moore v. Langston,* 251 N.C. 439, 111 S.E.2d 627 (1959).

It is therefore the opinion of this Court that the residuary estate disposed of in Item VII of Mrs. Moorman's will must be used to provide the deficiency necessary in order to satisfy the bequests contained in Item IV.

\* \* \* \* \* \*

In addition to the testatrix' will, the evidence in this case consists of certain facts, the truth of which has been stipulated by the parties, as well as the depositions of Marcus L. Oliver, Director of Development of the University of the South, and Joseph E. Stopher, Attorney for Mrs. Moorman. This Court has reviewed these depositions and has taken note of the continuing objection by counsel for Norton-Children's Hospitals, Inc. to certain testimony of Mr. Stopher as being incompetent under KRS 421.210 and also in violation of the Parole Evidence Rule. The Court finds it unnecessary to rule upon the objection since its findings of fact and conclusions of law are based entirely upon an examination of the 'four corners' of the will of Mrs. Moorman and not from any extrinsic evidence contained in the Stopher deposition.

6 *Page on Wills* § 48.8 at 28 (Bowe-Parker rev. 1962), which deals with the construction of demonstrative legacies, provides that "[t]he courts prefer to construe a gift as demonstrative, in preference to specific, if such intention can be fairly deducted from the language of the will." The legal presumption in favor of demonstrative legacies is based on the factual presumption that a testator's expressed affection for a beneficiary is not so ephemeral as to be contingent upon the value of the property remaining unchanged. *Johnson v. Conover,* 54 N.J.Eq. 333, 35 A. 291 (1896), aff'd, 39 A. 1114 (1897).

■ Although courts favor general or demonstrative legacies rather than specific legacies, the intent of the testator at the time the will is executed, as gathered from

the language of the entire will, is the controlling factor if that intention can be ascertained. *Howe v. Howe's Ex'x*, 287 Ky. 756, 155 S.W.2d 196 (1941); *Ruh, supra; Tagnon, supra; Ballenger's Devisees v. Ballinger's Adm'r*, 251 Ky. 405, 65 S.W.2d 49 (1933). This intention must be clear from the will itself.

In *Moore v. Langston*, 251 N.C. 439, 111 S.E.2d 627 (1959) the Supreme Court of North Carolina was confronted with a codicil which stated "that my beloved sister . . . receive from the rentals of my property two hundred dollars every month as long as she shall live." In holding the legacy to be demonstrative rather than specific, the court said that "the designation of a fund out of which the legacy is to be satisfied is not enough to make the bequest specific." Kentucky's law is in accord with this proposition. *Smith v. Lampton, supra.* Professor Philip Mechem, in his article, "Specific Legacies of Unspecific Things," 87 U.Pa.L.Rev. 546, 566 (1939), profusely cites jurisdictions construing cash bequests as demonstrative and concludes as follows:

> 'X dollars, to be paid from Y fund'. This is certainly the most common form [of a demonstrative legacy]; such a legacy is almost universally treated as at least prima facie demonstrative.

It is clear from the foregoing authority that the intent of the testator must be clear and convincing for a legacy to be treated as specific rather than demonstrative.

We are not persuaded by the cases cited by appellant that involve the construction of will provisions bequeathing specific property (*Ballinger's Devisees v. Ballinger's Adm'r, supra; Pinkston v. Pinkston*, 81 S.W.2d 196 (Tex.Civ.App.1935); *Hoffman v. Jinks*, 134 N.J.Eq. 91, 33 A.2d 874 (1943); etc.), or a portion of specific property (*In Re Babb's Estate*, 200 Cal. 252, 252 P. 1039 (1927); *Haslam v. De Alvarez*, 70 R.I. 212, 38 A.2d 158 (1944); etc.) received from the estate of another. Under the Moorman will we have a bequest of a cash sum with but a reference to a fund for payment. We observe that Mrs. Moorman was not bequeathing a mere expectancy as appears in some of appellant's referenced citations (*Gelbach v. Shively*, 67 Md. 498, 10 A. 247 (1887); *Waters v. Selleck*, 201 Ind. 593, 170 N.E. 20 (1930); etc.). *Pridemore's Executor v. Bailey*, Ky., 300 S.W.2d 559 (1957) is not supportive of appellant's position when Commissioner Cullen's entire opinion is considered. Therein decedent had made a devise of "all real estate owned by me which was conveyed to me in my former name, Minnie S. Blackerby." No specific sums of money were mentioned. Also, a specific devise was defined as "a gift of a particular thing, or a specified part of the testator's estate, which is so described as to be capable of identification from all others of the same kind, and which gift may be satisfied only by the delivery of the particular thing." Unlike this case, the devise in *Bailey, supra,* could not have been satisfied by the delivery of any other thing. In Item IV, Mrs. Moorman did not give the beneficiaries the property she received from the Belknap estate but cash sums.

We find that those bequests made in Item IV of Mrs. Moorman's will were demonstrative rather than specific. In order that a legacy be considered specific, the testator's intent must be evidenced by clear language. Otherwise, the legacy will be considered demonstrative. The unnumbered introductory paragraph of Item IV does not establish that Mrs. Moorman intended the bequest in question to be specific. Therefore, the residuary estate disposed of in Item VII of Mrs. Moorman's will must be used to provide the deficiency necessary in order to satisfy the bequests contained in Item IV. Additionally, we have considered appellant's long line of authorities, and there appears little necessity for discussing appellant's contention regarding extrinsic evidence, insofar as the chancellor neither considered nor utilized such testimony.

Since we have determined that the Item IV bequests are demonstrative, both parties are in agreement that they will bear interest as provided under KRS 394.520.

The judgment is affirmed.

All concur.