FRANCES H. TRACY, PETITIONER v. HENRY B. HERRING AND WIFE, CHARLOTTE M. HERRING; KATHLEEN HERRING STANLEY AND HUSBAND, JOHN K. STANLEY; LAURA ELLA HERRING (WIDOW), RESPONDENTS

No. 798SC957

(Filed 19 August 1980)

Wills § 57– construction of testator's will as to amount passing to wife

Where testator devised and bequeathed to his wife under Item II of his will "such portion, or share, of my estate as shall, when added to the items of property specified in Paragraphs (1), (2) and (3) following next below, result in a total equal to one-half of my adjusted gross estate [as that term is used in the U.S. Internal Revenue Code]"; Paragraphs (1), (2) and (3) to which testa-

tor referred included the amount of insurance proceeds payable on testator's death, the value of all property held jointly with his wife, and the value of all property determined to be vested in his wife under the residuary clause of the will; and immediately following such provision, the testator directed that "property included in that portion of this Item that precedes Paragraphs (1), (2) and (3) above, shall include" certain specified interests in described tracts of land, including a one-half undivided interest in a 192.75 acre tract and a 66 acre tract, it was *held* that testator did not intend to limit the total amount of his property passing to his wife to one-half the value of his adjusted gross estate as determined for federal estate tax purposes but that he intended that his wife was to receive the items of property mentioned in Paragraphs (1), (2) and (3) *as well as* the specified interests in the several tracts (including the one-half undivided interest in the 192.75 acre tract and the 66 acre tract), and if the value of all those items did not equal one-half of testator's adjusted gross estate, then his wife was to receive such additional share as would equal that amount.

APPEAL by petitioner from *Stevens, Judge.* Judgment signed 13 July 1979 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 April 1980.

Petitioner instituted a special proceeding before the Clerk of Superior Court of Lenoir County seeking partition of real property. She alleged that she and respondents Henry B. Herring, Kathleen Herring Stanley and Laura Ella Herring had acquired title as tenants in common to four tracts of real property located in Lenoir County by devise under the wills of Henry L. Herring deceased, and Ozora Creech Herring deceased. Petitioner prayed that a Commissioner be appointed to sell the described lands for partition.

Respondents Henry B. Herring and wife, Charlotte B. Herring answered the petition, admitting that Henry L. Herring had died testate on 14 January 1969 and that Ozora Creech Herring had died testate on 8 April 1974, but denying that all of the respondents were owners of the tracts as tenants in common. As to the First and Second Tracts described in the petition, Henry B. Herring pled sole seizin.

The case was heard before the judge without a jury in Superior Court, Lenoir County. The parties stipulated that the sole issue for determination was the interest which Henry B. Herring held in the First and Second Tracts described in the

petition. The evidence, insofar as it is undisputed, showed the following:

Respondents Henry B. Herring, Kathleen Herring Stanley, and Laura Ella Herring, and petitioner Frances Herring Tracy are the children of Henry L. Herring and wife Ozora Creech Herring. On 12 November 1965 Henry L. Herring and wife conveyed to Henry B. Herring by deed an undivided one-half interest in the First and Second Tracts described in the petition. The First Tract is located in Falling Creek Township, Lenoir County, North Carolina and contains 192.75 acres. The Second Tract, also located in Falling Creek Township, contains 66 acres.

On the same date the deed was executed, Henry L. Herring and Ozora Creech Herring executed separate wills. Henry L. Herring died on 14 January 1969 and his will dated 12 November 1965 was duly probated. His will directed in pertinent part as follows:

### ITEM II

I give, bequeath and devise unto my beloved wife, Ozora Creech Herring, such portion, or share, of my estate as shall, when added to the items of property specified in Paragraphs (1), (2) and (3) following next below, result in a total equal to one-half of my adjusted gross estate as the same is hereinafter defined. The items of property referred to in the sentence next preceding are:

(1) The amount of the proceeds of any insurance policies on my life which shall be payable to my wife and determined to be includible in my gross estate for federal estate tax purposes; and,

(2) The value of any and all property, whether real or personal, held by my wife and myself, whether as tenants by the entireties, in joint bank accounts, as joint bank accounts, as joint tenants, or otherwise, and determined to be includible in my gross estate for federal estate tax purposes; and,

(3) The value of any and all property which shall become vested in my wife under Item X of this Last Will and Testament.

My "adjusted gross estate" as used in this Last Will and Testament is to be defined as the adjusted gross estate as used in the United States Internal Revenue Code in determining my net estate and the maximum marital deduction thereon under said Internal Revenue Code.

Property included in that portion of this Item that precedes Paragraphs (1), (2) and (3) above, shall include:

\* \* \*

(c) A one-half undivided interest in and to those certain tracts or parcels of land lying and being in Falling Creek Township, Lenoir County, North Carolina, one containing 192.75 acres, more or less, and the other containing 66 acres, more or less, and being designated as "Second Tract" and "Third Tract", in that certain deed vesting title to said lands in me, and recorded in Book 211, page 153, in the Lenoir County Registry, and including the premises whereon I formerly resided and which are now occupied by my son, Henry B. Herring and his family.

Ozora Creech Herring died testate on 8 April 1974. Her will dated 12 November 1965 was admitted to probate on 2 May 1974. Item II of that instrument provided in part:

*ITEM III*

In the event my said husband shall not be living at the time of my death, then, and in such event, I give and devise all of my real property unto my children as follows:

\* \* \*

(3) Unto my beloved son, Henry B. Herring, all of my property interest and estate in those two certain tracts or parcels of land, lying and being in Falling Creek Township,

Lenoir County, North Carolina, one containing 192.75 acres, more or less, and the other containing 66 acres, more or less, including the premises whereon I formerly resided and being a part of the lands heretofore known as the "Old Herring Homeplace ... ."

In a judgment signed 13 July 1979 the trial court made findings that the wills of Henry L. Herring and Ozora Creech Herring were executed together, that from an examination of the wills and the circumstances surrounding the testators the intent of the testators could be determined, and that Henry B. Herring was conveyed by said wills an undividied one-half interest in the First and Second Tracts described in the petition. Judge Stevens concluded, therefore, that the First and Second Tracts were not subject to partition as prayed for in plaintiff's complaint. From that judgment petitioner appealed.

*Thomas B. Griffin for petitioner appellant.*

*Wallace, Langley, Barwick & Landis by F.E. Wallace, Jr. and R.F. Landis II for respondent appellees, Henry B. Herring and wife, Charlotte M. Herring.*

PARKER, Judge.

At the time of his death in 1969, Henry L. Herring owned an undivided one-half interest in the 192.75-acre tract and the 66-acre tract at issue here, having conveyed the other one-half undivided interest to his son Henry B. Herring by deed on 12 November 1965. Ozora Creech Herring, who died five years after her husband in 1974, specifically devised to Henry B. Herring all of her interest and estate in the same two tracts. She acquired title to that property, if at all, from her husband by devise. Thus, whether Henry B. Herring is the sole owner of the property depends upon an interpretation of the will of Henry L. Herring.

The guiding principle in the interpretation of wills is that the intent of the testator, as determined from the four corners of the instrument, should govern. *Kale v. Forrest,* 278 N.C. 1, 178 S.E. 2d 622 (1971); *Efird v. Efird,* 234 N.C. 607, 68 S.E. 2d 279

Tracy v. Herring

(1951). If the provisions of the will are ambiguous, the court should consider the circumstances surrounding the testator at the time of execution as an aid to determining that intent. *Moore v. Langston,* 251 N.C. 439, 111 S.E. 2d 627 (1959).

In the present case the court viewed the wills of Henry L. Herring and Ozora Creech Herring together and from the "circumstances and conditions surrounding the testators" found that Henry B. Herring acquired a one-half undivided interest in the two tracts by virtue of those wills. If that finding is supported by competent evidence in the record, it is binding on this appeal. *Blackwell v. Butts,* 278 N.C. 615, 180 S.E. 2d 835 (1971); *Knutton v. Cofield,* 273 N.C. 335, 160 S.E. 2d 29 (1968). We hold that there was ample competent evidence to support the court's ultimate finding.

Petitioner contends that under Item X of the will of Henry L. Herring, by which the testator devised a one-half undivided interest in "[a]ll the rest and residue of my estate" to his wife, Ozora Herring acquired a one-fourth undivided interest in 192.75-acre tract and the 66-acre tract and that under Item II she acquired only such additional interest in those tracts as would be required in value when added to the other property passing to her under the will, to equal one-half of the testator's adjusted gross estate. We agree with the trial judge that the will of Henry L. Herring does not compel the conclusion that the testator intended such a result.

Under Item II of his will, Henry L. Herring devised and bequeathed to his wife "such portion, or share, of my estate as shall, when added to the items of property specified in Paragraphs (1), (2) and (3) following next below, result in a total equal to one-half of my adjusted gross estate [as that term is used in the United States Internal Revenue Code]." The property specified in Paragraphs (1), (2) and (3) to which the testator referred included the amount of insurance proceeds payable on the testator's death, the value of all property held jointly with his wife, and the value of all property determined to be vested in his wife under the residuary clause of the will. This language, viewed out of context, suggests that the testator intended to limit the total amount of property passing to his wife to one-half

of the value of his adjusted gross estate as determined for federal estate tax purposes. Immediately following that provision, however, the testator directs that "[p]roperty included in that portion of this Item that precedes Paragraphs (1), (2) and (3) above, *shall include*" (emphasis added) certain specified interests in described tracts of land, including a one-half undivided interest in the 192.75-acre tract and the 66-acre tract at issue.

The estate tax return filed on behalf of the estate of Henry L. Herring discloses that if the value of the property passing to Ozora Creech Herring under Paragraphs (1), (2) and (3) of Item II is added to the value of the specified interests in the tracts which the testator directs shall be included in the portion of Item II preceding Paragraphs (1), (2) and (3), the total is greater than one-half the value of the testator's adjusted gross estate. Thus, the apparently limiting language of the first part of Item II conflicts directly with the clearly mandatory language of the latter part of Item II.

The rule is well established that apparently inconsistent clauses in a will should be harmonized and that effect should be given to each phrase used by the testator. *Schaeffer v. Haseltine*, 228 N.C. 484, 46 S.E. 2d 463 (1948); *Williams v. Rand*, 223 N.C. 734, 28 S.E. 2d 247 (1943). Applying this rule, we conclude that the logical interpretation of the will is that the testator's primary intent, as expressed in the latter part of Item II, was that the described interests in the tracts mentioned therein should in all events pass to his wife. His secondary intent, as expressed in the first part of Item II, was to take full advantage of the maximum federal estate tax marital deduction available to him at the time. Construed in this manner, Item II directed that Ozora Creech Herring receive the items of property mentioned in Paragraphs (1), (2) and (3) *as well as* the specified interests in the several tracts (including the one-half undivided interest in the 192.75-acre tract and the 66-acre tract). If the value of all of those items of property did not equal one-half of the testator's adjusted gross estate, then Ozora Creech Herring was to receive such additional share as would equal that amount.

Tracy v. Herring

To the extent that the will of Henry L. Herring was ambiguous because of these conflicting provisions in Item II, it was appropriate for the trial judge to read that will in conjunction with the will of Ozora Herring. *See Smith v. Creech,* 186 N.C. 187, 119 S.E. 3 (1923). The wills of husband and wife were both executed on 12 November 1965 in the presence of the same two witnesses. The husband's will specifically referred to the disputed tracts as "including the premises whereon I formerly resided *and which are now occupied by my son, Henry B. Herring and his family.*" (Emphasis added). In her will Ozora Herring directed that in the event her husband predeceased her, their son Henry B. Herring was to receive all of her interest in the 192.75-acre tract and the 66-acre tract. The deed by which Henry B. Herring acquired title to the undisputed one-half undivided interest in the two tracts was also executed on the same day as execution of his parents' wills. The contemporaneous execution of the deed to Henry B. Herring and the will of Ozora Herring are unquestionably circumstances which surrounded Henry L. Herring at the time he executed his own will, and the contents of these documents support the inference that his broad testamentary plan was to devise the tracts at issue to his wife in the knowledge that upon her death sole title to the property would vest in his son.

Because of our conclusion that there was ample competent evidence to support the trial court's ultimate finding, we do not consider petitioner's assignments of error directed to the admission of certain testimony at trial. Even if it be conceded that certain evidence was erroneously admitted, there is nothing upon this record to show that the ultimate finding of fact was influenced thereby. The order appealed from adjudging Henry B. Herring the sole owner of the First and Second Tracts described in the petition is

Affirmed.

Chief Judge MORRIS and Judge WELLS concur.